Josephine Ann **SLEEK**, Appellant

v.

**J. C. PENNEY COMPANY, Inc.**

No. 13456.

United States Court of Appeals Third Circuit.

Argued May 23, 1961.

Decided June 27, 1961.

On April 2, 1960, appellant filed a motion under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C., to set aside the dismissal on the ground that default had resulted from excusable neglect, and on June 28, 1960, the court denied that motion. On July 25, 1960, appellant filed an extensive motion for reargument of the motion to set aside the dismissal. On the same day the court entered a formal order reciting that "it is hereby ORDERED AND DECREED that the within matter be scheduled for re-argument". Subsequently the matter was in fact reargued. On September 30, 1960, the trial judge handed down a memorandum opinion deciding that, because the July 25th motion for reargument was filed more than ten days after the June 28th order, the court lacked legal power to take any further action with reference to its June 28th ruling. This opinion was implemented by an order of September 30th, which vacated the order granting reargument and instead denied reargument. Notice of appeal was filed October 24th.

Appellee urges that this appeal was taken out-of-time and must, therefore, be dismissed. This jurisdictional question depends upon the correctness of the ruling below that the motion for reargument was filed too late.

■ Normally, when a party aggrieved by an appealable order files a timely motion for a rehearing, and certainly when the court responds by ordering reargument, the underlying adjudication loses finality pending some new dispositive action by the court. Leishman v. Associated Wholesale Electric Co., 1943, 318 U.S. 203, 63 S.Ct. 543, 87 L. Ed. 714; Kelly v. Pennsylvania R. R., 3 Cir., 1955, 228 F.2d 727.

■ Neither party disputes this. Moreover, both parties recognize that the order of June 28th denying relief requested under Rule 60(b) was an appealable order. Cf. Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F. 2d 242. However, appellee claims that in this case, as in Behr v. Mine Safety Appliances Co., 3 Cir., 1956, 233 F.2d

Charles Alan Wright, Austin, Tex. (James E. McLaughlin, McArdle, Harrington & McLaughlin, Pittsburgh, Pa., on the brief), for appellant.

Bruce R. Martin, Pittsburgh, Pa. (Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

On March 3, 1960, the District Court entered a default order dismissing this personal injury action with prejudice because of the failure of the appellant, plaintiff below, to file her Pre-trial Statement within the time prescribed by the court in the last of a series of orders.

371, and Raughley v. Pennsylvania R. R., 3 Cir., 1956, 230 F.2d 387, the motion for further action with reference to the adjudicated matter was untimely, with the result that the court's order directing rehearing was beyond its power and had no effect on the running of appeal time. Appellant, on the other hand, contends that the situation here is not essentially different from that in the Kelly case.

We think this case is distinguishable from the Behr and Raughley cases. In both of those cases the underlying decisions which were attacked by motions to reconsider were principal judgments in which courts sitting without juries had disposed of the substantive claims in lawsuits. This court viewed these motions as in substance motions either for a new trial under Rule 59(a) (2) or to alter and amend a judgment under Rule 59 (e). Rule 59 expressly limits the time for filing such motions to a period of ten days after the entry of the questioned judgment.

Unquestionably Rule 59 limits strictly the time for the ordinary and often almost routine post-judgment motions which interrupt the running of appeal time and thus, in practical effect, postpone the finality of the judgment. But, as the draftsmen of the rules have expressly stated, this Rule was not to prescribe or regulate the incidents of the special procedure, covered separately in Rule 60(b) for reopening a judgment at any time within a year after its entry because of newly discovered evidence or on other equitable grounds newly brought to the court's attention. See Notes of Advisory Committee on Rules, 28 U.S. C. Federal Rules of Civil Procedure, Rule 59. The finality of the substantive decision is not affected by these extraordinary post-judgment proceedings unless or until a new trial is actually ordered. These factors considered, we think it is neither necessary nor desirable to impose by implication a ten-day limit on reconsideration of a denial of relief under Rule 60(b), so long as rehearing is requested and granted within the thirty day period during which the ruling under Rule 60(b) is appealable. Certainly the recognition of the court's power to re-examine its ruling during the thirty day period of appealability prejudices no one, and may facilitate the doing of equity which Rule 60(b) contemplates. Cf. Moore, Federal Practice, 2d ed. 1953, par. 60.22 [3].

We conclude, therefore, that the motion for reargument was timely, with the result that the Kelly case is controlling here. Appeal time began to run upon entry of the dispositive order of September 30, 1960, and the Notice of Appeal on October 24th was timely.

It also follows from what has already been said that the order of September 30th was erroneous, because its entire basis was the court's conclusion that its earlier order directing a rehearing was beyond its power. As a result of that improvident order of September 30th, the court did not re-examine the merits of the denial of relief under Rule 60(b) as it had proposed to do after reading the motion for reargument and the documents filed with it. We think the court should now proceed as it originally proposed, particularly since we cannot be sure whether there is now any controversy as to relevant facts which the trial court should resolve. In any event, on rehearing there will be new occasion for the exercise of judicial discretion in the light of all that has been shown at both hearings. The court will, of course, give weight to such considerations, affecting discretion in cases like this, as we discussed in Tozer v. Charles A. Krause Milling Co., supra.

The order of September 30th will be vacated and the order of July 25th will be reinstated. The cause will be remanded for appropriate reargument of the motion for relief under Rule 60(b).