STATE OF HAWAII *v.* JOSEPH ENGLEBERT BULGO and YOSHINO MATSUMURA SUGINO, also known as DOCTOR YOSHINO M. SUGINO.

Nos. 4278, 4279, 4280 and 4281.

April 9, 1962.

Tsukiyama, C. J., Cassidy, Wirtz, Lewis and Mizuha, JJ.

OPINION OF THE COURT BY TSUKIYAMA, C.J.

This is a confirmatory opinion. The defendants were charged under four separate indictments returned by the grand jury of the second circuit. In each indictment the offenses of conspiracy in the first degree and of gross cheat were set out in two separate counts.

The defendants, in each of the four cases, filed separate motions in the trial court to dismiss the indictment on the ground that the two counts failed to sufficiently allege any offense under the laws of the State of Hawaii.

On September 12, 1961, the trial court rendered an oral decision granting the motions to dismiss. On the morning of September 20, 1961, the prosecution filed a notice of appeal in each case to this court *in haec verba* "[from] an oral order issued on the 12th day of September, 1961, by the Honorable Wendell F. Crockett, Judge of the above entitled Court, dismissing Count One and Count Two of the indictment * * *."

On the afternoon of the same day, to wit, September 20, 1961, an order granting the motion to dismiss as to the defendant Sugino was filed in each case. It was not until September 28, 1961, that an order dismissing the indictment was filed.

The appeals in the four cases have been consolidated in this court by stipulation duly approved. As to each appeal, the defendant, Joseph Bulgo, filed a motion to dismiss. On March 9, 1962, said motion was duly heard. Hearing concluded, this court made an oral ruling granting the motion to dismiss, the same to apply to all four cases.

Manifestly, the appeal in each case was taken improperly from the oral ruling of the trial court made on September 12, 1961, dismissing the indictment.

In the course of the oral argument at the hearing before this court, the prosecution, in resisting the motion, relied heavily on the case of *Territory* v. *Kanda,* 41 Haw.

591 (1957). There, the defendant, who was charged with a traffic offense before a district magistrate, interposed a demurrer to the charge on the ground that it was vague, indefinite and uncertain. The demurrer was sustained and the prosecution noted an appeal from the oral order. When a writ of error issued, the defendant moved for dismissal on the ground that there was no final judgment by the magistrate. This court, however, denied the motion holding that the oral ruling of the magistrate constituted an "order" within the meaning of R.L.H. 1945, § 9552 (now R.L.H. 1955, § 212-2).

It is obvious that the *Kanda* case has no application here, this being an appeal from a circuit court. Since 1960 the Hawaii Rules of Criminal Procedure have been in force. Rule 37(e) thereof, applicable to circuit courts, provides: "An appeal by the government when authorized by statute may be taken within 10 days after entry of the judgment or order appealed from." Unlike the Federal Rules, our rules specifically supply the meaning of "entry" by the addition to Rule 32(b) of the concluding sentence reading: "The filing of the judgment in the office of the clerk constitutes the entry of the judgment." The term "filing" denotes a delivery to and receipt by the clerk of a judgment which necessarily implies a document in writing. See *Kaleialii* v. *Grinbaum,* 9 Haw. 141. We can see no distinction in the procedural requirement between an entry of a judgment and an entry of an appealable order. Indeed, the concept of "entry" as used in Rule 37(e) signifies something more formal than mere oral rendition of an order or ruling of the court. Moreover, Rule 13 of the rules of the circuit court, second circuit, provides that whenever an order or decree is to be entered it shall be prepared and submitted by the prevailing party. This rule in itself contemplates a written order.

We do not overlook the provision of Rule 37(b) of the

Hawaii Rules of Criminal Procedure which states that "the notice of appeal shall be liberally construed in favor of sufficiency." It would be inconsonant with the obvious purpose of such provision for liberal construction if this court were to declare an appeal invalid on the ground of defects in the notice of appeal which were purely formal or clerical in nature. The question of construction, however, arises only when there is need for construction. The liberal construction clause above stated has no application where language is clear and free from uncertainty. To resort to construction, there must be something to construe. *Territory* v. *Morita,* 41 Haw. 1. The appeal in the instant case was taken from the trial court's "oral order." Liberal construction does not mean that the words should be forced out of their natural and obviously intended meaning.

We have also considered Rule 52(a), the federal counterpart of which was applied in *Lemke* v. *United States,* 346 U.S. 325. It is our view, however, that the ruling in that case is inapplicable here, for in the instant case the notice of appeal specifically stated it was from an "oral order." Rule 37(b) directs that a notice of appeal shall "designate the judgment, order, or part thereof, appealed from." A notice of appeal designating an "oral order" is nugatory. The deficiency was not cured by the filing of a subsequent written order. *Cf., Adoption, Eugene Gouled,* 37 Haw. 402, 403; *Makainai* v. *Lalakea,* 24 Haw. 518, 522. It is our view and holding that such defect went to the substance of the appeal and cannot be disregarded. As the record does not indicate that an amended notice of appeal or a new notice was later filed, we have no alternative but to dismiss the appeals.

Although the appellee Sugino has not filed any motion on her own behalf to dismiss, nor joined in her co-defendant's motion in each of the four cases, the defect pre-

sented by appellee Bulgo's motion is jurisdictional and the order to be entered herein will therefore be equally applicable to her.

Motions granted and appeals dismissed.

*Frank D. Padgett* (*Robertson, Castle & Anthony*) for the motions.

*Kase Higa,* Deputy County Attorney, County of Maui, contra.

*Mizuha, J.,* dissents.