YUKIE SANDRA SCOTT *v.* DANIEL S. C. LIU, INDI-
VIDUALLY AND AS CHIEF OF POLICE OF THE
CITY AND COUNTY OF HONOLULU, JOHN
DIXON, MICHAEL H. S. CHUN, THOMAS J.
CARLOS, HOLAIKU L. DRAKE AND ABRAHAM
AIONA.

No. 4316.

NOVEMBER 30, 1962.

TSUKIYAMA, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

OPINION OF THE COURT BY LEWIS, J.

This is a motion to dismiss an appeal. The record
shows that after trial before a jury, judgment was en-

tered on August 30, 1961. On September 1, 1961 defendants-appellants served and filed their motion for new trial. This was heard on November 8, 1961, at which time as set forth in the minutes: "The Court took the matter under advisement and a written decision on the motion for new trial will be filed." However, on December 29, 1961, without the rendition of a written decision,[1] the court "ordered that the motions for a new trial heretofore filed herein are hereby denied." This order was filed the same day, December 29, 1961.

On January 5, 1962 defendants-appellants filed a motion headed and reading as follows:

"MOTION TO SET ASIDE ORDER
"Come now DANIEL S. C. LIU, individually and as Chief of Police of the City and County of Honolulu, JOHN DIXON, MICHAEL H. S. CHUN, THOMAS J. CARLOS, HOLAIKU L. DRAKE and ABRAHAM AIONA, by their attorneys, STANLEY LING, Corporation Counsel, and LINCOLN J. ISHIDA, Deputy Corporation Counsel, City and County of Honolulu, and move this Honorable Court to set aside the order entered in the above entitled cause on December 29, 1961 and request this Honorable Court to enter a Written Decision on the Motions for New Trial filed by the Defendants herein."

The motion of January 5, 1962 was denied by an order filed on March 19, 1962. On April 17, 1962 defendants-appellants filed their notice of appeal. It will be seen that they computed their time for appeal from the entry of the order of March 19, 1962.

H.R.C.P., Rule 73(a) provides:

"* * * The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules

---

[1] It is conceded that no written decision was necessary.

hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59."

Movant contends that the motion of January 5, 1962 was not a motion of the type contemplated by the rules enumerated in Rule 73(a). We find this contention well taken. Clearly, Rules 50(b) and 52(b) were not involved. Nor was the motion of January 5, 1962 made under Rule 59. It did not seek a new trial or reconsideration of the order denying a new trial. This is confirmed by the minutes of January 17, 1962, at which time the motion was presented and counsel for defendants-appellants "asked that the Court prepare a written decision denying motions for a new trial." The motion was without legal significance in computing the time for appeal and must be ignored. See *Cox* v. *Tanaka,* 46 Haw. 15, 374 P.2d 1.

In any event, Rule 73(a) requires a *timely* motion to toll the running of the time for appeal. A motion under Rule 59 is required to be served "not later than ten days after the entry of the judgment." As provided in Rule 58 "the filing of the judgment in the office of the clerk constitutes the entry of the judgment * * *." Therefore, the ten days allowed for a motion that would toll the running of the time for appeal ran from August 30, 1961. Only the motion of September 1, 1961 was filed within the allowed time. Thus the motion of January 5, 1962

was not even timely. *Marten* v. *Hess*, 176 F.2d 834 (6th Cir.); *Randolph* v. *Randolph*, 198 F.2d 956 (D.C. Cir.); *Yates* v. *Behrend*, 280 F.2d 64 (D.C. Cir.). Authorities cited by defendants-appellants are inapplicable, having been decided under the bankruptcy law (*Ribaudo* v. *Citizens Nat'l Bank*, 261 F.2d 929 (5th Cir.)),[2] or under Rule 60(b) (*Sleek* v. *J. C. Penney Co.*, 292 F.2d 256 (3d Cir.), *Hicklin* v. *Edwards*, 222 F.2d 921 (8th Cir.)).[3]

Defendants-appellants further contend the appeal was timely because the motion of January 5, 1962 was filed within ten days of the denial of the motion for new trial, citing *Terrasi* v. *South Atlantic Lines*, 226 F.2d 823 (2d Cir.). In that case an oral motion for new trial was denied on January 20, and on January 21, which also was the day of entry of judgment, a written motion for reargument of the motion for new trial was filed. Promptly on denial of this latter motion the appeal was taken and was held timely. The case is distinguishable on its facts. Here the ten-day period did not run anew from December 29, 1961; there is no provision in the rules for tolling the time for appeal by a motion filed within ten days after a judgment becomes *final*. The difference between entry and finality of a judgment was pointed out in *Marn* v. *Reynolds*, 44 Haw. 655, 658, 361 P.2d 383, 386, *rehearing denied*, 44 Haw. 684. When there is a timely motion for new trial or the like the judgment does not take on finality

---

[2]As stated in *Ribaudo*: "* * * it is clear that, as between the Court functioning in bankruptcy and in civil proceedings, it has much greater powers to entertain petitions for rehearing in bankruptcy. It may be done even after time for appeal has elapsed." (p. 932).

[3]Concerning Rule 60(b), as explained in *Sleek*: "The finality of the substantive decision is not affected by these extraordinary post-judgment proceedings unless or until a new trial is actually ordered. These factors considered, we think it is neither necessary nor desirable to impose by implication a ten-day limit on reconsideration of a denial of relief under Rule 60(b), so long as rehearing is requested and granted within the thirty day period during which the ruling under Rule 60(b) is appealable."

until the motion has been decided. That was on December 29, 1961. But at that point the running of the time for appeal could not be tolled by a further motion; the time for a motion that would accomplish that had to be computed from *entry* of the judgment and had long since passed. Pursuant to the express provisions of Rule 6(b), the time for the motion could not be extended. *Yates* v. *Behrend, supra,* 280 F.2d at 65, very well explains the matter:

> "* * * While this motion was made within ten days of the denial of the first motion, it was not made within ten days after the entry of judgment, as the Rules require. The ten-day time period within which the making of a motion for reconsideration automatically stops the running of the time in which to note an appeal from the judgment is a time period which cannot be extended, except as allowed by the Rules under circumstances here inapplicable. Fed.R.Civ.P. 6(b), 73(a). There is nothing in the Rules to suggest that a second motion for reconsideration, made after the denial of a timely initial motion, has the effect of again terminating the running of the time to appeal from the judgment. Such a construction of the Rules would permit dilatory tactics destructive of the finality of the judgment. * * *"

Hence we hold that pursuant to Rule 73(a), the judgment became final and appealable upon entry of the order denying the motion for new trial, the time for appeal then commenced running anew, and the time allowed for appeal was thirty days from the entry of the order denying the motion for new trial.

"Entry" of the order denying the motion for new trial took place when that order was filed. As stated in *State* v. *Bulgo,* 45 Haw. 501, 503, 370 P.2d 480, 482, "entry" signifies something more formal than mere oral rendition

of an order or ruling of the court, and contemplates a filed written order. That was on December 29, 1961. The time for appeal expired January 29, 1962, January 28 being a Sunday.

It is argued that the hearing of the motion of January 5, 1962 on January 17, 1962 had the effect of reinstating the timely motion of September 1, 1961, under the rule stated in *Kelly* v. *Pennsylvania R.R.*, 228 F.2d 727 (3d Cir.). In *Kelly*, the motion for new trial originally was dismissed on the theory it had been abandoned; a petition for reargument promptly disputed the abandonment of the motion and was granted. It will be noted that in *Kelly* the motion for new trial had not been decided on its merits and reargument was granted in order to hear the merits. It is by no means settled that by reconsidering a motion once decided, a court can reinstate the motion with all its original effect under Rule 73(a). In any event, nothing of the kind was involved here. The court did not "consider it [the motion] on its merits as a good faith request that the Court take a second look and reverse itself at least in part," as required to extend the time for appeal even under the more liberal procedure applicable in bankruptcy cases. *Ribaudo* v. *Citizens Nat'l Bank, supra,* 261 F.2d at 932. In effect, the contention is that the court could extend the time for appeal while considering whether it would write a decision. However, Rule 6(b) expressly provides that the court cannot extend the time for appeal except as provided in Rule 73(a). Under Rule 73(a) the only permissible ground for extension of the time for appeal is failure to learn of the entry of the judgment.

The minutes of the January 17, 1962 hearing show that the hearing lasted six minutes. This again shows that no "good faith request" for a "second look" was made or intended. The minutes conclude:

"* * * the Court stated that there could be a short decision on the constitution and arrest. The Court took the matter under advisement."

It by no means appears that the court intended to set aside its prior order denying a new trial. However, if defendants-appellants were of the view that the trial court could, and intended to, vacate the denial order and reinstate the motion for new trial with its original effect under Rule 73(a), they at least should have obtained and filed a written order setting aside the denial order on file, pursuant to which the time for appeal was running. This court repeatedly has held that a mere oral ruling is a nullity in computing the time for appeal. *Estate of Walters,* 10 Haw. 25; *Kahai* v. *Kuhia,* 11 Haw. 3; *Jelinx* v. *Jelinx,* 28 Haw. 403; *State* v. *Bulgo, supra,* 45 Haw. 501, 370 P.2d 480. True, the cited cases presented the question whether the time for appeal ran from an oral ruling, while this case presents the converse question whether the running of the time for appeal can be terminated and made to run anew by virtue of a mere oral ruling. We have no doubt that the principles applicable are the same. So in *Marn* v. *Reynolds, supra,* 44 Haw. at 659, 361 P.2d at 386, we held that an oral motion for rehearing was of no legal significance in tolling the time for appeal, though the filing of amended findings and conclusions within ten days of judgment pursuant to an oral motion for such amendment did toll the running of the time for appeal and cause it to be computed from the date of such filing instead of from the entry of judgment.

In the present case it was not until the time for appeal had expired that any further paper was filed by or under the authority of the court. When filed on March 19, 1962 it recited that the court had intended to write a detailed decision but lacked time to do so, then "ordered that the

motion to set aside filed herein on January 5, 1962, is hereby denied." *Cf., Deena Products Co.* v. *United Brick & Clay Workers of America,* 195 F.2d 612 (6th Cir.), dismissing the appeal in a case in which the trial court attempted to reinstate the motion for new trial more than thirty days after denial thereof and then again deny it.

Furthermore, appellants failed to take a precautionary appeal within the allotted time—thirty days—computed from the entry of the denial order. *Cf., Madden* v. *Madden,* 43 Haw. 148. Had they considered the point they certainly would have realized that it was extremely doubtful that the time for appeal could be extended beyond this thirty days. They did nothing to safeguard their right of appeal.

The appeal was untimely and this court is without jurisdiction to hear it. Motion granted.

*Harriet Bouslog* (*John E. Ahrens* and *Bouslog & Symonds* of counsel) for the movant, plaintiff-appellee.

*Lincoln J. Ishida,* Deputy Corporation Counsel, City and County of Honolulu (*Stanley Ling,* Corporation Counsel, with him on the memorandum) for defendants-appellants.

### DISSENTING OPINION OF TSUKIYAMA, C.J., IN WHICH CASSIDY, J., JOINS.

That the provisions of Rule 73, Hawaii Rules of Civil Procedure which govern the time within which an appeal must be taken to the supreme court are mandatory and jurisdictional, there can be no dispute in the wake of the rulings of this court on the subject.

The majority of this court, on the basis of its view of the facts here involved, dismisses the appeal as taken untimely under the rule. With deference, I do not concur. In essence, my conclusion is founded upon what appears

to me on the record of this case including the clerk's minutes to involve a situation in which the trial court, by its actions and statements including the act of entertaining defendants' motion to set aside the order denying their motion for a new trial, virtually reinstated or revived said motion for new trial or suspended the operation of the order.

The motion for a new trial timely filed on September 1, 1961, by appellants did suspend the running of the 30-day period for appeal. H.R.C.P., Rules 59(b) and 73(a). The record clearly shows that at the conclusion of the hearing on the motion, held on November 8, 1961, the trial court took the matter under advisement stating that "a written decision on the motion for new trial will be filed." Subsequently and on December 29, 1961, the court entered an order with nothing more than a simple denial of the motion.

On January 5, 1962, when the 30-day period for appeal had run only seven days, appellants filed a written motion to set aside the order with a request that the court enter a written decision on the motion for a new trial. The court entertained and heard the motion on January 17, 1962, and at the conclusion thereof, notwithstanding defendants' concession that the court was not perforce required to file a written decision, again took the matter under advisement stating that "there could be a short decision on the constitution and arrest." It is to be further noted that when the motion to set aside was heard, appellants' period for appeal computed from December 29, 1961, had twelve more days remaining before expiration. Under the circumstances, defendants were fully warranted in believing that, while awaiting a written decision, the filing of a notice of appeal would probably be deemed abortive and hence invalid.

On March 19, 1962, the trial court entered an order

denying the motion to set aside, which order, significantly, was headed by two titles set forth in juxtaposition: "Order on Motion to Reconsider" and "Order on Motion for New Trial." In the text of the order, the court confirmed that it had "wished and intended to write a detailed decision" but indicated that it would not do so, because a written decision was not necessary and also because time was lacking.

Within 30 days from this order, appellants filed their notice of appeal. Appellants contend that they believed the order of March 19, 1962, was "the final judgment" and computed the time for appeal from that date. It is readily discernible, when viewed in the light of the foregoing sequence of procedural events, that appellants were confused and actually misled into believing that the trial court's actions and statements constituted a reinstatement or revival of the motion for new trial or a suspension of the finality of its previous order of December 29, 1961. Certainly, they were justified in assuming from the statement made by the court at the hearing on January 17, 1962, that the court did not consider or intend that it had already taken its final action in the matter. *Cf., Carnes v. United States*, 279 F.2d 378 (10th Cir.).

There is no quarrel with the general concept that counsel should be constantly alert and when confronted with procedural technicalities, take appropriate precautionary steps. Loose and careless practice in clear disregard of procedural rules is not condoned. In the instant case, however, I find it difficult to turn askance from the extraordinary circumstances revealed by the record.

Nothing appears here to indicate that appellants were lackadaisical, negligent, or dilatory. On the contrary, the pleadings promptly filed by them in the pursuit of their cause not only demonstrated their diligence but evinced that they were laboring under a misapprehension result-

ing from the amorphous state of the proceedings in the court below. If the court had declined to entertain the motion to set aside, appellants at that stage still had twelve days left within which to file a notice of appeal. Moreover, that facet of the dual title of the order of March 19, 1962, which read "Order on Motion for New Trial," could have served only to aggravate the distracting confusion caused by the trial court's previous action and declarations.

It is my view that the reasoning set forth by the court in *Kelly* v. *Pennsylvania R.R.*, 228 F.2d 727 (3rd Cir.), represents a sound and logical conclusion which is applicable to the case at bar. There the trial court dismissed the defendant's motion for a new trial. Two days later the defendant filed a petition for reargument of its motion for a new trial. Well within the time prescribed for appeal, the court heard and granted the petition for reargument. Holding that the judgment lacked appealable finality pending the determination of the reinstated motion for a new trial, the appellate court said, at page 730: "* * * But if the court directs reargument of the motion for a new trial and thereby reinstates it within the appeal period the revived pendency of the original motion operates again to terminate the running of the time for appeal. In such case the appeal time will commence to run again and will be computed from the date of entry of the court's subsequent order denying the motion, if it is denied. Meanwhile the judgment which is the subject of the pending motion for a new trial must be regarded as lacking appealable finality."

Also pertinent is the language of the court in *Sleek* v. *J. C. Penney Company*, 292 F.2d 256 (3rd Cir.), where, in respect to an application under Rule 60(b), F.R.C.P., the court said, at page 257: "Normally, when a party aggrieved by an appealable order files a timely motion for

a rehearing, and certainly when the court responds by ordering reargument, the underlying adjudication loses finality pending some new dispositive action by the court."

Not having reached it, I am not concerned with the merit of the appeal. My concern here pertains to the legal effect of the trial court's possibly inadvertent but obviously misleading actions which protracted the proceedings before it, thereby causing an inevitable delay in the filing of a notice of appeal. Incidentally, while it is true that there is no exacting requirement that a trial court render a written decision in ruling on a motion for new trial, it does not follow that all such motions may, with propriety, be disposed of without any elaboration, particularly when, as here, the court itself has proposed to render a written decision. (See Rule 21, First Circuit Court Rules; also see 66 C.J.S., *New Trial*, § 210, p. 533.) Furthermore, in a case like the one here where the motion raised the issue of the trial court's holding unconstititional certain statutory provisions, I think it would have been desirable and could, almost as a matter of course, have been reasonably expected that the court would render a written decision at least on the constitutional issue.

Believing that the foregoing circumstances warrant my conclusion as being a justified application of the rules to accord with the particular and unusual facts presented by the record in this case, I would deny the motion to dismiss.