STATE OF HAWAII, Plaintiff-Appellee *v.*
FRANCIS E. DAWSON, Defendant-Appellant

No. 5301

MARCH 14, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* Defendant filed a notice of appeal from "the order entered herein on April 6, 1972, the Judgment entered herein on April 18, 1972, and the order entered herein on May 17, 1972."

The order of April 6, 1972, mentioned in the notice of appeal is the court's oral denial of defendant's motion to quash indictment; the judgment of April 18, 1972, is the oral decision of the court recorded in the clerk's minutes as follows: "The Court rendered an oral decision finding defendant Guilty as charged in the Indictment and the Court adjudged him Guilty of the offense of Indecent Assault"; and the order of May 17, 1972, is the court's oral denial of defendant's motion to vacate judgment and for entry of judgment of acquittal.

This court is without jurisdiction to entertain this appeal under H.R.Cr. P., Rules 32 (b) and 37 (c), as construed and applied in *State* v. *Bulgo,* 45 Haw. 501, 370 P.2d 480 (1962).

Under Rule 37 (c), appeal must be taken within 10 days after entry of the judgment appealed from; and,

under Rule 32 (b), a judgment of conviction is entered when the judgment signed by the judge is filed in the office of the clerk of court.

In this case, there was no judgment of conviction signed by the judge and filed in the clerk's office at the time defendant filed his notice of appeal. The judgment of conviction signed by the judge was filed in the clerk's office on September 19, 1972.

Defendant has not appealed from the written judgment. In the circumstance, *Bulgo* applies. This court stated in that case: "As the record does not indicate that an amended notice of appeal or a new notice was later filed, we have no alternative but to dismiss the appeals."

The point discussed herein is not esoteric; it is basic and elementary. Yet, the prosecuting attorney did not call the matter to the attention of this court, and it remained for this court to notice it in the course of preparing for the hearing of the argument on appeal. A substantial amount of time of this court is taken in hearing criminal appeals. It is hoped that in the future the prosecuting attorney will be more diligent in noticing such matter, thus saving this court's time, as well as his own.

Affirmed.

*David R. Carroll* (*Darryl M. Silverman* on the brief) for defendant-appellant.

*Joseph Dubiel,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, with him on the brief), for plaintiff-appellee.