**Meral SMITH, Appellant,**

v.

**Melvin H. EVANS, et al., Appellees.**

**No. 87–3761.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
April 22, 1988.

Decided July 21, 1988.

Meral Smith, Lewisburg, Pa., pro se.

Godfrey R. de Castro, Atty. Gen., Rosalie Simmonds Ballentine, Sol. Gen., Susan Frederick Rhodes, Asst. Atty. Gen., Dept. of Justice, Charlotte Amalie, St. Thomas, V.I. for appellees.

Before SEITZ, SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

This appeal presents a technical question of appellate jurisdiction. Appellant, a prisoner acting *pro se*, filed an untimely Fed. R. Civ. P. 59(e) motion to alter or amend the district court's judgment. Because only a timely Rule 59(e) motion will toll the time for appeal, we hold that the appeal, filed more than thirty days after the district court's judgment, was untimely. We will therefore dismiss the appeal without reaching the merits. In arriving at this conclusion, we discuss and reject three possible exceptions to this jurisdictional rule, which we acknowledge can be especially harsh in its effect upon *pro se* litigants.

First, because the motion was clearly labeled and considered a rule 59(e) motion and because it challenged a fundamental legal error that required the district court to reconsider its decision, we cannot construe the motion as a Rule 60(b) motion to relieve a party from mistake. In contrast, if Appellant's motion were indeed a 60(b) motion, the appeal would be timely, at least as to the issues raised in the 60(b) motion.

Second, because the court did not affirmatively assure Smith that his motion was timely or otherwise actively mislead the Appellant as to the timeliness of his motion, we cannot, to the extent that it retains viability, apply the "unique circumstances" exception to this case.

Third, because we find that Smith's motion was out of time before he even gave the motion to prison officials to mail and that prison delay in mailing Smith's motion was not therefore a factor in Smith's making his motion out of time, we hold that the Supreme Court's decision in *Houston v. Lack*, —— U.S. ——, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (an appeal is deemed filed by a *pro se* prisoner at the moment of delivery of his papers to prison officials for mailing to the district court) cannot apply to the facts of this case.

## I.

Meral Smith is an inmate at the Federal Correctional Institution at Lewisburg, Pennsylvania, where he is serving a lengthy sentence imposed by the District Court of the Virgin Islands. Following an initial period of incarceration in the Virgin Islands, Smith was transferred to the custody of the United States Bureau of Prisons. He was incarcerated at Lewisburg, remote from the office of the Clerk of Court in the Virgin Islands, pursuant to a contract between the Virgin Islands Bureau of Corrections (BOC) and the United States Department of Justice. That contract allows the director of the BOC to transfer certain territorial prisoners to the federal penitentiary system.

In an action brought *pro se* pursuant to 42 U.S.C. § 1983, Smith sought to enjoin enforcement of that contract, alleging that his confinement in the federal penitentiary system deprived him of access to the courts, specifically access to Virgin Islands law books, thereby causing him severe emotional distress. In his complaint, Smith sought compensatory and punitive damages as well as injunctive relief. Smith named several Virgin Islands government officials, including the director of the BOC, as defendants. In their answer, the defendants interposed a number of affirmative defenses, including statute of limitations, good faith immunity, and failure to follow the procedure required by the Virgin Islands Tort Claims Act, 33 V.I.C. § 3401, *et seq.*

When the matter came before the district court on Smith's motion for preliminary injunction, the court denied the motion without a hearing. By order entered April 23, 1987, the court dismissed the complaint on two grounds. First, to dispose of the transfer issue, the court relied on *Bradshaw v. Carlson*, 682 F.2d 1050 (3d Cir. 1981) (per curiam) (territorial prisoners have no right to be confined within the territory). Second, it concluded that *Benjamin v. Potter*, 635 F. Supp. 243 (D.V.I. 1986), *aff'd mem.*, 838 F.2d 1205 (3d Cir. 1988), which held that the government's obligation to provide meaningful access to

the courts can be met, *inter alia,* by expanding the duties of local public defenders to include researching prisoners' claims, established that the Government of the Virgin Islands did not have to provide Smith with Virgin Islands law books.

On May 13, 1987, Smith served a motion, captioned a Rule 59(e) motion, to alter or amend the judgment. Despite the rigid 10-day requirement for serving a motion to alter or amend the judgment, this motion was served more than 10 days after the district court's dismissal. In the motion, Smith asserted that the court had misconstrued his complaint as seeking habeas corpus relief rather than money damages. He further argued that *Benjamin v. Potter* did not apply to the remedy he sought for *past* denial of access to Virgin Islands law books (Smith had been incarcerated at Lewisburg before the decision in *Benjamin*). Smith asked for a liberal construction of his complaint in view of his *pro se* status.

On May 20, 1987, acknowledging the receipt of Smith's Rule 59 motion but without explicitly granting it, the court granted Smith leave to file an affidavit setting forth his alleged damages for emotional distress. Smith filed such an affidavit, but it stated no more than the bare allegation that "as a result of the mental anguish and actual injury that he has suffered during the past fourteen years (14 years), he is entitled to an award of $10,000,000.00 (ten million dollars) in damages against the defendants in the case at bar." App. at 37.

Upon consideration of Smith's affidavit, by order dated July 23, 1987, the court granted his motion for reconsideration and amended its judgment of April 23, 1987, awarding Smith nominal damages in the amount of $1.00. In its amended judgment the court gave as its reasons:

> Now the plaintiff has come forward with his affidavit. In it he states some emotional distress. We note, however, that the stress he alleges is more likely a result from his long 14-year prison confinement, than from any lack of books. Moreover, our decision in *Benjamin* has resolved his claims as to the future. We, therefore, consider any damages he may

have nominal only, and will award him $1.00. This resolution precludes the necessity of considering any of the defendant's meritorious defenses.

Smith filed a renewed motion, timely served on July 30, 1987, to amend or alter the judgment, alleging that he was entitled to a jury trial on the damages issue. The district court denied the motion by order entered October 26, 1987 and this appeal followed. Because we find that we have no appellate jurisdiction, we do not consider the merits of Smith's claim that he deserved a trial on damages, or the appropriateness of the district court's apparent finding of liability (accompanied by an award of nominal damages) and its circumvention of meritorious defenses by so proceeding.

## II.

Although it was raised by no party, we have a continuing obligation to examine our subject matter jurisdiction. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986); *Lovell Mfg. v. Export–Import Bank*, 843 F.2d 725, 729 (3d Cir.1988).

A notice of appeal must be filed within thirty days of the date of entry of judgment. Rule 4(a)(1), Fed. R. App. P. A timely motion to alter or amend the judgment, pursuant to Rule 59(e), Fed. R. Civ. P., tolls the time for filing a notice of appeal. Fed. R. App. P. 4(a)(4). To be timely, the Rule 59(e) motion must be served within ten days of entry of judgment. The "ten day period is jurisdictional, and 'cannot be extended in the discretion of the district court.'" *de la Fuente v. Central Electric Cooperative, Inc.*, 703 F.2d 63, 65 (3d Cir.1983) (per curiam) (*quoting Gribble v. Harris*, 625 F.2d 1173, 1174 (5th Cir.1980) (per curiam)). An untimely motion, even if acted upon by the district court, cannot toll the time for filing a notice of appeal. The ten day limit for filing a Rule 59 motion is clearly set forth in the Rule. It is equally clear that a district court may not extend or waive the ten day limit. Rule 6, Fed. R. Civ. P.; *de la Fuente*, 703 F.2d at 65. Because the May

13, 1987 motion to reconsider the April 23 order of dismissal was untimely, and did not toll the time for filing a notice of appeal, we must dismiss the appeal for lack of jurisdiction.

We acknowledge that Smith is before us *pro se*, hence we have searched for a means of relieving him from this harsh result. We have struggled with three possible theories, all of which we ultimately found cannot salvage this untimely appeal.

### A.

■ First, we have examined whether Smith's motion for reconsideration can be construed as a motion for relief from judgment due to mistake, pursuant to Fed. R. Civ. P. 60(b)(1), which may be filed within a reasonable time, up to one year, after judgment. If it can be so construed, then its filing was timely. A Rule 60(b) motion is not one of the motions listed in Rule 4(a)(4), Fed. R. App. P., which tolls the time for filing a notice of appeal. Moreover, the grant or denial of a Rule 60(b) motion is an appealable order. Smith filed, within ten days, a motion to reconsider the July 24 order granting him $1.00 in damages, *see Eleby v. American Medical Systems*, 795 F.2d 411 (5th Cir.1986) (reconsideration of an order disposing of a Rule 60 motion is permitted), and he also filed a timely notice of appeal from the order denying the motion for reconsideration. Accordingly, if the May 13 motion can be construed as a Rule 60(b) motion, then the court has jurisdiction to hear this appeal.[1]

The May 13 motion, however, is clearly a motion to alter or amend the judgment, pursuant to Rule 59(e), rather than a Rule 60(b) motion. Smith cites Rule 59(e) in the motion and calls it a "motion to amend or alter judgment." And in its order granting Smith twenty days to prove damages, the district court labeled Smith's motion as a "motion of the plaintiff pursuant to Fed. R. Civ. P. 59(e) to amend our judgment," treated it as a motion made pursuant to Rule 59(e) and referred to it as such in a later memorandum.

Because the function of the motion, not the caption, dictates which Rule applies, *see Turner v. Evers*, 726 F.2d 112, 114 (3d Cir.1984), we do not rely solely on the fact that the appellant and the court both labeled the motion a 59(e) motion. However, it is apparent that Smith's motion not only possessed all the formal trappings of a Rule 59(e) motion, but served the purpose of one as well. In *Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R.*, 824 F.2d 249, 253 (3d Cir.1987), this court described a Rule 59 motion as a "device to relitigate the original issue." We have also held that a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion. *Martinez–McBean v. Government of the Virgin Islands*, 562 F.2d 908, 912 (3d Cir.1977); *Moolenaar v. Government of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir.1987).[2]

It is clear to us that Smith's motion served the function of a Rule 59 motion. The purpose of the motion is to "relitigate

---

1. We note that even though Rule 60(b) preserves the right to appeal, the appeal may bring up only the subject matter of the 60(b) motion and not the underlying case.

2. We note that an older case, *Sleek v. J.C. Penny Co., Inc.*, 292 F.2d 256 (3d Cir.1961), considered a motion alleging mistake of law, made after the 59(e) 10–day limit but within time for appeal, as a Rule 60(b)(1) motion. Although we certainly acknowledge the desirability of permitting a judge to correct his own errors before the time for appeal has elapsed, such a use of 60(b) is bound to breed confusion. The 59(e) ten-day requirement has been read strictly by this court and we would be ill-advised to provide a loophole via Rule 60(b). Furthermore, we note that the vitality of *Sleek* has been seriously under-

mined by *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir.1985) ("For purposes of Fed.R.App.P. 4(a), this court regards a motion labeled only as a motion for reconsideration as the functional equivalent of a Rule 59 motion ... to alter or amend a judgment"), and *West v. Keve*, 721 F.2d 91, 96 (3d Cir.1983) (60(b) motion cannot be used solely as a vehicle for evading the time constraint of Fed. R. App. P. 4(a)). Therefore, we will adhere to *Sleek*'s own limitation of its holding to the unusual facts involving a default judgment. *See Sleek*, 292 F.2d at 258 (distinguishing the facts of *Sleek* from reconsiderations of "principal judgments in which courts sitting without juries had disposed of the substantive claims in lawsuits").

the original issue"; the motion alleges no more than legal error and merely reiterates the arguments contained in the complaint. Because we determine that the motion is indeed a Rule 59(e) motion, it had to have been served within ten days of the entry of judgment. The order dismissing the complaint was entered on Thursday, April 23, 1987. To be timely, the Rule 59 motion had to have been served by Thursday, May 7, 1987. Smith's motion was not served until Wednesday, May 13, 1987. Because the motion to alter or amend the judgment was untimely, the period for filing a notice of appeal was not tolled. Smith did not file his notice of appeal until November 9, 1987; thus, we lack jurisdiction to hear his appeal. Moreover, this court lacks jurisdiction to determine the propriety of the district court's subsequent action in granting the motion since "any substantive action a court takes on an untimely motion is a nullity." *Sonnenblick–Goldman Corp. v. Nowalk,* 420 F.2d 858, 861 (3d Cir.1970).

### B.

A second possible exception to the dictates of the Rule 59 timing requirement is the "unique circumstances" doctrine. In certain "unique circumstances" in which a litigant in good faith relies on a statement by a district court that a motion is timely, awaits disposition of the motion, and thereafter files a timely appeal, courts have found that jurisdiction exists to hear the appeal. Under an expansive theory of "unique circumstances," perhaps one could argue that Smith's perception that the district court was willing to entertain the motion (even though that motion was obviously late) served as a tacit message to Smith that his motion was timely. For the reasons that follow, we hold that the "unique circumstances" doctrine, to the extent it retains any vitality, does not apply here.

In *Thompson v. I.N.S.,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam), the appellant served a motion for new trial twelve days after entry of judgment. The government made no objection and the district court explicitly stated that the motion had been made "in ample time."

*Id.* at 386, 84 S.Ct. at 398. The Court of Appeals for the Seventh Circuit dismissed the appeal as untimely. The Supreme Court reversed the dismissal of the appeal because the "petitioner did an act which, if properly done, postponed the deadline for the filing of his appeal ... [T]he District Court concluded that the act had been properly done ... [T]he petitioner relied on the statement of the District Court and filed the appeal within the assumedly new deadline but beyond the old deadline." *Id.* at 387, 84 S.Ct. at 398, 399.

Some courts have construed the holding in *Thompson* strictly, requiring an explicit statement by the district court that the untimely motion was actually timely. *See Alvestad v. Monsanto Co.,* 671 F.2d 908 (5th Cir.), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982); *Osterneck v. E.T. Barwick Industries, Inc.,* 825 F.2d 1521, 1527–28 (11th Cir.1987) *cert. granted* —— U.S. ——, 108 S.Ct. 2032, 100 L.Ed.2d 618 (1988). Other courts have construed *Thompson* broadly, permitting an appeal when the district court, though not specifically stating a motion was timely, acts upon the motion, or grants an improper extension of the unwaivable time limits, thereby inducing the parties to believe the time to file a notice of appeal has been extended. *See Barry v. Bowen,* 825 F.2d 1324 (9th Cir.1987); *Wort v. Vierling,* 778 F.2d 1233 (7th Cir.1985); *Stauber v. Kieser,* 810 F.2d 1 (10th Cir.1982).

■ This court has rarely had occasion to discuss the "unique circumstances" exception, but the few cases in which the doctrine is mentioned indicate that the exception is to be narrowly construed. *See de la Fuente v. Central Electric Cooperative, Inc.,* 703 F.2d at 65 n. 4 (declining to consider the contours of the "unique circumstances" exception). *Cf. Merrell–National Laboratories, Inc. v. Zenith Laboratories, Inc.,* 579 F.2d 786, 790–91 (3d Cir. 1978) (refusing to apply "unique circumstances" doctrine despite alleged statements by the district judge's clerk where party did not face the loss of its right to appeal the final judgment and where party moved under a local rule instead of Rule

59). In *Sonnenblick–Goldman Corp v. Nowalk,* 420 F.2d 858 (3d Cir.1970), the court dismissed an appeal for lack of jurisdiction because a Rule 59 motion had not been timely served. The 59(e) motion had been docketed before the time of appeal but the district court denied the motion as untimely, apparently after the thirty day period for filing a notice of appeal had expired. In dismissing the appeal for lack of jurisdiction, this court stated that the case was distinguishable from *Thompson,* "since there has been no reliance on any statement of the district court with respect to the timeliness of the motion." *Id.* at 860 n. 5.

The one case in which this court has applied the "unique circumstances" exception is *Government of the Virgin Islands v. Gereau,* 603 F.2d 438 (3d Cir.1979) (per curiam), a case construing Fed. R. Crim. P. 35. In *Gereau,* one defendant (ironically Meral Smith, the very same person who brings this appeal) filed a motion for reduction of sentence, pursuant to Fed. R. Crim. P. 35. The district judge stated he would consider the motion as filed on behalf of all defendants, but suggested that counsel file formal motions. Counsel then filed formal motions on behalf of all defendants; these motions were filed outside the 120 day time limit prescribed by Rule 35. This court, citing *Thompson,* held that it would be improper to penalize the defendants for counsel's failure to file the motions within the 120 day time limit when counsel relied on the court's statement that he would consider the motion as applying to all defendants and the court's invitation for counsel to file formal motions. *Id.* at 442. *Gereau* is distinguishable from the case at bar because of the district court's explicit statement that affirmatively misled Gereau.

We have some doubt as to whether the "unique circumstances" exception is still viable given the strict, jurisdictional construction recently applied to the 59(e) timeliness requirement. Recent Supreme Court decisions have strictly construed the rules of procedure and prescribed time limits. *But cf. Houston v. Lack,* — U.S. ——, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), dis-

cussed *infra* at Part II(C). Most notably, in *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed. 2d 521 (1978), the Court held an appeal jurisdictionally defective because a Rule 59 motion was untimely and did not toll the time for filing a notice of appeal, even though the district court granted the Rule 59 motion.

The facts of *Browder,* necessary to an understanding of the holding, are as follows. The district court granted a conditional writ of habeas corpus on October 21, 1975. Twenty-eight days after entry of the order, the state moved for a stay of the release order and an evidentiary hearing. Though the state did not cite a particular rule as the basis for its motion, the Court construed it as a motion made pursuant to Rule 52(b) or Rule 59 (both motions must be made within ten days of entry of judgment). The district court granted the stay on December 8, and on December 12 set January 7, 1976 as the date for an evidentiary hearing. The district court's actions occurred past the thirty days allowed for filing a notice of appeal, but within the additional thirty days allowed for requesting an extension of time for filing a notice of appeal. An evidentiary hearing was held on January 7, 1976 and an order denying the motion for reconsideration was docketed on January 26. The state filed a notice of appeal within thirty days of the January 26 order.

Though the state's failure to file a timely notice of appeal and its failure to request an extension of time in which to appeal obviously reflected reliance on the district court's actions, the Supreme Court held that the appeal was untimely because the untimely motion for reconsideration did not toll the time for filing the notice of appeal. The Court emphatically stated that the thirty day time limit for filing an appeal prescribed by Rule 4(a), Fed. R. App. P., is "mandatory and jurisdictional." *Id.* at 264, 98 S.Ct. at 561 (citations omitted). *See also Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (court of appeals had no jurisdiction because motion to reconsider was

pending when notice of appeal was filed even though motion was decided four days later).

Much as the Supreme Court has tended to construe procedural rules and time requirements strictly, this court has narrowly construed and sparingly applied the "unique circumstances" exception to time requirements. *See also Long Island Radio Co. v. N.L.R.B.*, 841 F.2d 474, 478 (2d Cir.1988); *Bailey v. Sharp*, 782 F.2d 1366, 1369–74 (7th Cir.1986) (Easterbrook, J., concurring). At all events we find no basis for application of the "unique circumstances" exception in this case: we decline to apply the "unique circumstances" doctrine absent some express, affirmative statement by the district court that a motion is timely. No such statement can be found in this record.[3]

### C.

■ We note that very recently in *Houston v. Lack*, —— U.S. ——, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court, in a 5–4 decision, held that *pro se* prisoners' notices of appeal are deemed "filed at the moment of delivery to prison authorities for forwarding to the district court." The Court so held in order to avoid the obvious unfairness caused by delays within the prison. The Court noted that

lack of control of *pro se* prisoners over delays extends much further than that of the typical civil litigant: *pro se* prisoners have no control over delay between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally.

*Id. See also Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964) (defendant in a criminal case demonstrated that he did all that could reasonably be expected to file his notice of appeal within the 10–day limit and was unable to serve notice of appeal any sooner).

*Houston* indicates that in the case of *pro se* prisoners, the Supreme Court is particularly solicitous of preserving the right to appeal where the impediment to timely filing concerns the process of transmitting mail from the prison over which the prisoner has no control. Although *Houston* concerned a late notice of appeal, its reasoning seems indistinguishable in the context of a Rule 59(e) motion, given the capacity of late Rule 59(e) motions to eviscerate appeals and the analogous rigid time limitations. Indeed, we note that in many respects treating a Rule 59(e) motion as served at the time it is delivered to the prison officials presents an easier case than the facts of *Houston*. First, the time lim-

---

**3.** Even if we expanded our notion of "unique circumstances" to include reliance on the court's treatment of a motion as timely (without any affirmative statement as to timeliness one way or the other) we doubt, based on the available facts, that Smith received any communication from the district until *after* the thirty-day time for appeal had elapsed. That is, we question whether the district court's order granting Smith leave to prove damages (which was dated May 20) arrived at Lewisburg before Smith's time to appeal had elapsed (May 23). Furthermore, the court's order of May 20 did not technically grant Smith's 59(e) motion—only the court's July 23 order (finding damages of $1.00) actually granted Smith's motion for reconsideration. This demonstrates why even under an expansive view of the "unique circumstances" doctrine, it would probably not apply to Smith. The most likely way that such a broad theory of "unique circumstances" could apply would be if Smith relied upon the district court's order to prove damages and therefore did not apply for an extension of his time to appeal pursuant to

Fed.R.App.P. 4(a)(5). We stress, however, that even if Smith had knowledge of the district court's willingness to entertain his Rule 59(e) motion, and even if that knowledge affected Smith's behavior regarding his appeal, because Smith received no affirmative statement as to the timeliness of the motion, the "unique circumstances" doctrine cannot apply. Any other result would negate the unwaivable nature of the time limitations for making Rule 59(e) motions.

We acknowledge that this bright line rule may prove harsh for *pro se* litigants who rely on district courts' willingness to entertain a motion as evidence of the motion's timeliness. We emphasize that the district courts are without authority to act on untimely 59(e) motions. *See* Fed. R. Civ.P. 6. We note that district courts' actions upon untimely Rule 59(e) motions are a chief source of confusion and unfairness in this highly technical, but critically important area of procedure. To the extent district courts can inform litigants expeditiously as to timeliness defects, such problems may be avoided.

its for Rule 59(e) motions are shorter than those for notices of appeal and hence the potential for prison delay becomes more significant. Second, Rule 59(e) requires *service*, which logically seems closer to delivery to the warden than the Fed. R. App. P. 4 *filing* requirement. If the Court was willing to deem an appeal filed by virtue of delivery to prison officials, it would seem *a fortiori* that such delivery should satisfy the service requirement of Rule 59(e) motions.

Unfortunately for Smith, the rule of *Houston*, even when extended to Fed. R. Civ. P. 59(e) motions, does not render his motion timely, for we cannot conclude that prison delay in transmitting Smith's motion contributed to the lateness of the motion. On the face of Smith's Rule 59(e) motion Smith dated the submission May 13, 1983. Indeed, that is the date we used, *supra* at 6, in computing the timeliness of Smith's motion. Therefore, to the extent that there was any delay in the prison's transmission of Smith's motion, that delay was not included in this court's calculation. It is clear that when Smith put his motion in the envelope (even before he gave it to prison authorities to mail) his motion was untimely.

### D.

We are frankly uncomfortable with the harsh result in this case. We note three factors that mitigate the severity of our ruling. First, Smith offered no explanation for the lateness of the motion, which he clearly styled a Rule 59(e) motion and which was treated as such by the district court. Second, Smith managed to make his second motion for reconsideration in a timely fashion, indicating that for a similar motion made only weeks later Smith did not face insurmountable problems in mailing his motion within the proper time. Finally, although Smith was proceeding *pro se*, he is not a first-time litigant. He has filed three other appeals and one mandamus action since 1982.[4]

Notwithstanding our holding and the three factors discussed above, we acknowledge the potential harshness, especially in light of the possibility that mail may be quite slow between the Virgin Islands and Lewisburg, and word of the district court's final judgment on April 23 may have been delayed in reaching Smith. The Supreme Court's opinion in *Houston* may ameliorate some of the problems involving the treatment of mail within prisons. Moreover, it may be possible for the District Court of the Virgin Islands, through its rulemaking power, to take some steps that would address the problem of the time interval for mail between the mainland and the Virgin Islands. For example, that court may consider whether it is feasible and desirable to make some provision for the delayed entry of judgments of decisions that trigger brief and unwaivable time limitations, particularly in light of the federal rule providing that lack of or late notice of decisions has no effect. *See* Fed. R. Civ. P. 77(d). *See also Hall v. Community Mental Health Center*, 772 F.2d 42 (3d Cir.1985). Until the Advisory Committee on Appellate Rules reconsiders this area, it may be advisable for other district courts within this circuit to consider taking similar action.

Nonetheless, under the circumstances in this case and for the reasons set forth above, the appeal will be dismissed.

---

**4.** We note that the issue presented in this complaint, lack of access to Virgin Islands law books, has been presented in at least two of these actions. We express no opinion as to whether the instant action would have been barred by the doctrine of res judicata.