983 F.2d 1056
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dale Conrad MCQUISTON, Plaintiff-Appellant,
v.
Edward W. MURRAY; Clarence L. Jackson, Jr.; T. L. Parlett;
William C. Perdue; Unknown Defendants,
Defendants-Appellees.
and
W. RHOADES, Defendant.
 No. 92-6578.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 25, 1992
Decided: December 30, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, Magistrate Judge. (CA-91-434-R)
 Dale Conrad McQuiston, Appellant Pro Se.
 Mark Ralph Davis, Office of the Attorney General of Virginia, Richmond, Virginia; Sandra Morris Holleran, McGuire, Woods, Battle & Boothe, Richmond, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dale Conrad McQuiston appeals from the magistrate judge's order[1] denying his post-judgment motion which the court construed as a motion under Fed. R. Civ. P. 60(b).[2] Our review of the record and the district court's opinion discloses that this appeal is without merit.
 
 
 2
 Accordingly, we affirm on the reasoning of the district court.
 
 
 3
 McQuiston v. Murray, No. CA-91-434-R (E.D. Va. May 11, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The parties consented to jurisdiction of a magistrate judge under 28 U.S.C.A. § 636(c)(3) (West Supp. 1991)
 
 
 [2]
 A post-judgment motion filed within ten days of judgment which calls into question the correctness of the judgment is to be treated as a motion under Fed. R. Civ. P. 59. Dove V. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Since McQuiston mailed the motion within ten days of the magistrate judge's order and the motion called into question the correctness of the judgment, the court should have construed the motion as one under Fed. R. Civ. P. 59. See Smith v. Evans, 853 F.2d 155 (3d Cir. 1988)