LAW LIBRARY

NO. 30120

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI



2010 APR -6 AM 10: 37

FILED

TAD MASON, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 99-0006)


ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal by Petitioner-Appellant Tad Mason (Appellant Mason) from the Honorable Glenn Hara's September 24, 2009 minute order regarding Appellant Mason's petition for post-conviction relief pursuant to Rule 40 of the Hawaiʻi Rules of Penal Procedure (HRPP) in S.P.P. No. 99-06, because the September 24, 2009 minute order is not an appealable order, and the circuit court has not yet entered an order that resolves all of the issues in this proceeding.

"According to HRPP [Rule] 40(h), <u>appeals from proceedings for post-conviction relief may be made from a judgment</u> entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawaiʻi Rules of Appellate Procedure (HRAP)." <u>Grattafiori v. State</u>, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted) (emphasis added). Under HRAP Rule 4(b)(1), a party may file a notice of appeal "within 30 days after the entry of the judgment or order appealed from." HRAP Rule 4(b)(1). Under HRAP Rule 4(b)(4), a party may file a notice of appeal "after the announcement of a decision, sentence or order but before entry of

the judgment or order[.]" HRAP Rule 4(b)(4). Nevertheless, HRAP Rule 4(b) requires the entry of a written judgment or written order, and HRAP Rule 4(b)(3) provides that "[a] judgment or order is entered within the meaning of this subsection when it is filed with the clerk of the court." HRAP Rule 4(b)(3). Consequently, it is the general rule that "an appeal in a criminal case is permitted only after a final judgment of the circuit court has been rendered." State v. Baranco, 77 Hawai'i 351, 353, 884 P.2d 729, 731 (1994). "While [the supreme court] treat[s] an appeal as timely where a defendant has filed his or her notice of appeal after the [circuit] court has announced an oral decision but before the entry of a written order or judgment, . . . [the supreme court] cannot do so where the [circuit] court has rendered no decision whatsoever." Grattafiori v. State, 79 Hawai'i at 14, 897 P.2d at 941. Even after the circuit court has rendered an oral decision, if the circuit court does not enter a corresponding written order or judgment, then "[a] notice of appeal designating [the] oral order is nugatory." State v. Bulgo, 45 Haw. 501, 504, 370 P.2d 480, 482 (1962) (internal quotation marks omitted).

Although the circuit court has entered the September 24, 2009 minute order, the supreme court has explained that "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). The record on appeal does not contain a final written order or final written judgment that resolves Appellant Mason's HRPP Rule 40 petition for post-conviction relief in S.P.P. No. 99-06. Therefore, Appellant Mason's appeal is premature and we lack jurisdiction over this appeal. Accordingly,

2

IT IS HEREBY ORDERED that appellate court case number 30120 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 6, 2010.

Chief Judge

Associate Judge

Associate Judge

3