Charles E. **WILLIAMS**, Appellant

v.

**CHRYSLER CORPORATION; Local 1183, United Automobile, Aerospace and Agricultural Implement Workers of America; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW**

No. 98–7108.

United States Court of Appeals, Third Circuit.

Argued Nov. 17, 1998.

Decided Dec. 16, 1998.

Clark C. Kingery (argued), Wilmington, DE, for Appellant.

Jonathan R. Topazian (argued), Richard T. Sampson, Semmes, Bowen & Semmes, Washington, DC, for Appellee Chrysler Corporation.

Richard H. Markowitz (argued), Paula R. Markowitz, Markowitz & Richman, Philadelphia, PA, for Appellees Local 1183, United Automobile, Aerospace and Agricultural Implement Workers of America and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America.

Before: BECKER, Chief Judge, GREENBERG, Circuit Judge, and McLAUGHLIN,* District Judge.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

### I. INTRODUCTION

This appeal requires us to decide whether an untimely motion for reconsideration ad-

---

* Honorable Sean J. McLaughlin, Judge of the United States District Court for the Western District of Pennsylvania, sitting by designation.

dressed to a union's administrative body tolls the six-month statute of limitations for claims brought under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. After appellee Chrysler Corporation terminated him from his job, and his union refused to contest the termination in arbitration, appellant Charles Williams sought relief from the union's disposition of his grievance through its internal appeal procedures as established in its constitution. The union's highest review board rejected his appeal and his untimely motion for reconsideration. Williams then filed suit against the union and Chrysler under section 301, but the district court granted their motions for summary judgment, concluding that Williams should have sued within six months after the review board initially rejected his appeal rather than six months after it denied his reconsideration motion. Because we conclude that the untimely motion for reconsideration did not toll the statute of limitations, we will affirm the district court's grant of summary judgment on Williams' section 301 claims, as well as on his related claims under state law and under section 510 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140.

## II. JURISDICTION

The district court had federal question jurisdiction over Williams' claims under section 510 of ERISA, 29 U.S.C. § 1140, and section 301 of the LMRA, 29 U.S.C. § 185. *See* 28 U.S.C. § 1331. It had supplemental jurisdiction over the state contract claims under 28 U.S.C. § 1367. We have jurisdiction to review the district court's grant of summary judgment because it is a final order under 28 U.S.C. § 1291.

## III. FACTUAL AND PROCEDURAL HISTORY

### A. *Factual History*

On June 23, 1987, Chrysler terminated Williams from his job as an assembly worker at its Newark, Delaware, assembly plant because of his excessive absenteeism. Chrysler claimed that the Chronic Absentee Procedure, which was incorporated into its collective bargaining agreement with Williams' union, appellee United Automobile, Aerospace and Agricultural Implement Workers of America (Union),[1] justified the termination. According to the procedure's guidelines, however, absences resulting from certain "excludable" illnesses were not to be counted in determining an employee's absentee rate. Williams contended that because his absenteeism resulted from excludable illnesses, his termination violated the collective bargaining agreement. Thus, he requested the Union to grieve his termination. Although the Union pursued Williams' grievance through several steps of the grievance process, it ultimately concluded that the grievance was not legitimate and withdrew it on June 30, 1988, refusing to bring it to arbitration.

The procedures outlined in Article 33 of the Union's constitution required Williams to appeal the withdrawal of his grievance internally before he could bring suit against the Union in federal court. The Public Review Board (Board), an independent body of experts that is the last recourse in the Union's internal grievance process, ultimately rejected Williams' appeal on January 9, 1996.[2] It concluded, after a remand to a lower body to develop the medical evidence, that the illnesses that had caused Williams' absences from work were not excludable under the relevant guidelines, and that the Union therefore correctly had refused to arbitrate his grievance.

Believing that the Board had misinterpreted the guidelines and the nature of his illness, Williams filed a motion for reconsideration on April 26, 1996, well past the deadline for reconsideration motions provided for un-

1. Williams has sued both his local chapter of the United Automobile, Aerospace and Agricultural Implement Workers of America, Local 1183, as well as its international body. Because the parties do not distinguish between the local and the international for purposes of the issues presented by this appeal, neither do we. We, therefore, refer to both Local 1183 and the International Union as "Union" throughout our opinion.

2. It took many years to resolve Williams' appeal in part because he suffered a severe stroke in 1992, which delayed the prosecution of this matter.

der Rule 11 of the Board's regulations, which states that "[w]ithin thirty (30) days following receipt of a decision by the [Board], any party may file a written request for reconsideration." After informing Williams that it was considering his motion and permitting the Union to respond, the Board rejected the reconsideration motion on August 21, 1996, stating that it was untimely and "[a]ccordingly ... denied." It noted in its denial, however, that "regardless of its untimely submission, the request [was] quite without merit."

## B. *Procedural History*

Williams filed suit against Chrysler and the Union on February 19, 1997. He alleged first, under section 301 of the LMRA, 29 U.S.C. § 185, that Chrysler had violated the collective bargaining agreement in terminating him, and that the Union had violated its duty of fair representation in withdrawing his grievance against Chrysler. He then claimed that, through these same actions, Chrysler and the Union had breached the implied covenant of good faith and fair dealing under Delaware state law. Finally, he alleged that Chrysler had terminated him for the purpose of depriving him of his rights to health, insurance and disability benefits, thus violating section 510 of ERISA, 29 U.S.C. § 1140.

After the district court directed Chrysler and the Union to file all case dispositive motions based on affirmative defenses such as the statute of limitations, both defendants moved for summary judgment claiming that Williams' claims were time barred. The court granted the defendants' motions in full in an order entered January 8, 1998, on the basis of an accompanying opinion. *See Williams v. Chrysler Corp.*, 991 F.Supp. 383 (D.Del.1998). It found first "that Williams' Section 301 suit was ripe shortly after the ... Board issued its decision on January 9, 1996 and Williams thereafter received the decision in the mail." *Id.* at 387. The court reasoned that because the constitution did not require Williams to request reconsideration in order to exhaust his administrative remedies, his reconsideration motion could not toll the six-month statue of limitations applicable to section 301 actions. *See id.* at

388. Thus, because Williams filed suit more than six months after he received the Board's January 1996 decision rejecting his appeal, the court ruled that his section 301 claim was barred. *See id.* at 389.

Evaluating Williams' remaining allegations, the court found that both the state law and ERISA claims accrued when Chrysler terminated him, on June 23, 1987. *See id.* at 390. Relying on previous district court decisions, the court stated that a three-year statute of limitations applied to these claims and therefore ruled that they also were barred. *See id.* at 390. Williams has appealed from the order entered January 8, 1998.

## IV. DISCUSSION

### A. *Standard of Review*

Review of a district court's decision to grant a motion for summary judgment is plenary. *See Hilfirty v. Shipman*, 91 F.3d 573, 577 (3d Cir.1996). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and the ... moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). If the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment should not be granted. *See Hilfirty*, 91 F.3d at 577. In determining whether summary judgment is appropriate, this court must draw all reasonable inferences for the nonmoving party, in this case, Williams. *See id.*

### B. *Did Williams' Motion for Reconsideration Toll the Six Month Statute of Limitations for His Section 301 Claim?*

Williams' claim that Chrysler breached the collective bargaining agreement by terminating him, and that the Union breached its duty to fairly represent him by dropping his grievance against Chrysler, constitutes a hybrid action under section 301 of the LMRA, 29 U.S.C. § 185. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65, 103

S.Ct. 2281, 2290–91, 76 L.Ed.2d 476 (1983). The Supreme Court has ruled that the statute of limitations for such actions is six months. *See id.*, 462 U.S. at 171–72, 103 S.Ct. at 2294–95. Accordingly, the parties agree that the six-month limitations period applies to Williams' section 301 claim.

■ The question before this court, therefore, is *when* Williams' section 301 claim accrued. The parties agree that the Union constitution required Williams to exhaust internal union remedies before bringing suit. They also agree that the constitution did not require him to request reconsideration of the Board's decision in order to exhaust these remedies. They disagree, however, on whether Williams' decision to pursue the optional reconsideration remedy tolled the limitations period.

The district court ruled that the reconsideration motion did not toll the statute. Treating the Union constitution as a contract, it reasoned that because the constitution did not require a union member to request reconsideration before filing suit, the action accrued after the Board issued its initial decision on January 9, 1996, and a reasonable time elapsed for Williams to receive it in the mail. *See Williams*, 991 F.Supp. at 387–88. We believe, however, that the determinative question posed by this appeal is not whether reconsideration requests in general toll the statute of limitations, but whether untimely requests for reconsideration toll the statute.[3]

■ Applying its own rules, the Board found that Williams' reconsideration motion was untimely, and we are bound by this finding. *Cf. Whittle v. Local 641, Int'l Bhd. of Teamsters*, 56 F.3d 487, 490 n. 2 (3d Cir.1995) (stating that timeliness is a procedural issue and, in an arbitration proceeding, procedural issues are for the arbitrator to decide). In any event, the Board's determination clearly was correct, for as we have indicated, its rules provide that "[w]ithin thirty (30) days following receipt of a decision by the [Board], any party may file a written request for reconsideration."[4]

■ We hold that an untimely motion for reconsideration pursuant to a union internal appeal procedure cannot toll the six-month statute of limitations as recognized by *Del-Costello*. A contrary holding would permit a party to wait indefinitely to file a reconsideration motion and then claim that the statute was tolled until he or she received notice of the motion's denial. In this case, Williams filed a motion for reconsideration more than three months after the Board's initial decision, well after the 30–day deadline for filing such motions. He now seeks to have the statute tolled for seven months, from January until August 1996, when he learned of the Board's denial of his motion. Although we do not believe that Williams was intentionally tardy in filing his motion,[5] a ruling that his claims were tolled under such circumstances merely would encourage late filing of motions for reconsideration.[6]

■ Williams argues, however, that Chrysler and the Union should be estopped from claiming that his untimely reconsidera-

---

3. As a result, we express no opinion on whether a timely motion for reconsideration would have tolled the six-month limitations period.

4. We further note that the Board's Rules of Procedure permit it in its discretion to "waive ... any of [its] rules in any particular case, but only to the extent necessary to accomplish the purposes for which the [Board] was established." We are not concerned here with a situation in which the Board waived the 30–day period for filing requests for reconsideration and thus we express no opinion on whether such a waiver would toll the statute of limitations.

5. In fact, at oral argument, Williams' attorney informed us that Williams was not represented by counsel in the months immediately following the Board's January 9, 1996 decision. Williams did obtain counsel in April 1996, however, and therefore an attorney represented him in time to file a section 301 action before the statute of limitations ran in July 1996.

6. We note that in a different yet analogous context, the Federal Rules of Civil Procedure permit tolling of the time for appeal only in those cases where a party files a timely post-judgment motion. *See* Fed. R.App. P. 4(a)(4).

tion motion failed to toll the statute because, by not immediately rejecting his motion, the Board led him to believe that his motion had been taken under advisement at a time within six months of January 9, 1996, when the Board rejected his appeal. This argument is unpersuasive. As the Supreme Court has recognized, albeit in a slightly different context, "[i]t would hardly be sensible to say that [a body] can genuinely deny reconsideration only when it gives the matter no thought...." *Interstate Commerce Comm'n v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 281, 107 S.Ct. 2360, 2367, 96 L.Ed.2d 222 (1987) (holding that when the Equal Employment Opportunity Commission denies reconsideration of a previous decision, its formal action, rather than its discussion, is dispositive). Thus, the Board's reflection on whether to grant the motion should not provide grounds for an estoppel claim. *Cf. Smith v. Evans*, 853 F.2d 155, 161 (3d Cir. 1988) (rejecting party's claim that an untimely Federal Rule of Civil Procedure 59(e) motion tolled the time for appeal where the district court entertained the motion but never stated explicitly that it would be considered timely). Additionally, even if the estoppel claim were meritorious, Williams has waived it by failing to argue it in the district court. *See Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir.1994). Accordingly, we conclude that Williams' section 301 claim is time-barred because he failed to file suit within six months after he learned of the Board's January 9, 1996 decision refusing to reinstate his grievance.

### C. *Are Williams' ERISA and State Contract Claims Also Barred?*

At oral argument, Williams conceded that the success of his ERISA and state law contract claims hinges on the outcome of his section 301 claim. Thus, Williams acknowledged that these additional claims must fail if he cannot show that he in fact was terminated in violation of the collective bargaining agreement. Williams cannot make this

showing unless we reverse the finding that his section 301 claim was not timely. Inasmuch as we already have concluded that Williams cannot succeed in his section 301 claim because it is time-barred, we reject his ERISA and state law contract claims. In the circumstances, we do not decide whether they were time-barred, as the district court ruled, or whether they were preempted by section 301, as suggested by Chrysler in its brief.

### V. CONCLUSION

We will affirm the district court's order entered January 8, 1998, granting summary judgment to Chrysler and the Union on all of Williams' claims.