

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2005

# Brown v. Brannigan

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4636

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Brown v. Brannigan" (2005). *2005 Decisions.* Paper 1169.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1169

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-222                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4636
_____

WENDELL K. BROWN,

Appellant

v.

ASST. DPTY SECRETARY SEBRANNIGAN;
SUPERINTENDENT DRAGOVIC; TYPIST HOLDEN;
MEDICAL ADMINISTRATOR CERULLO;
NURSE'S SUPERVISOR CONNELL; RENATO DIAZ;
NURSE'S SUPERVISOR CHIPRIANO; PHYSICIAN'S ASS RUTT;
JOSEPH RUSH; GARY A. HALL; BINNER, CHIEF HEARING EXAMINER;
MEDICAL DIRECTOR BADDICK, SCI GRATERFORD;
MEDICAL DIRECTOR LASKY, SCI CAMP HILL;
VERZELLA, Lycoming County Prison;
DOCTOR KEENAN, Lycoming County Prison;
DOCTOR SOLOUFF, Lycoming County Prison;
DOCTOR JANTON, Pennsylvania Neurological Associates

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00366)
District Judge: Honorable James M. Munley

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
APRIL 28, 2005

Before:   SLOVITER, NYGAARD AND FUENTES, Circuit Judges.

(Filed: May 17, 2005)

_____

OPINION

_____

PER CURIAM

Wendell K. Brown appeals from the District Court's order denying his motion for relief from judgment. We conclude that the District Court did not abuse its discretion in denying the motion; therefore, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The parties are familiar with the facts, and we will only briefly revisit them here. In February 2001, Brown filed a § 1983 complaint alleging deliberate indifference to his serious medical needs and asserting federal constitutional as well as state law claims. He amended the complaint in August 2002 to add new defendants and remove others. In September 2003, the District Court granted all outstanding motions to dismiss and dismissed the complaint as to the remaining two defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Brown did not appeal. In August 2004, Brown filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60, claiming that "state and county prosecutors have refused to allow" him to bring his state law claims in state court. The motion was denied. He then filed this timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The denial of a Rule 60(b) motion is reviewed for abuse of discretion. Reform Party of Allegheny County v. Allegheny County Dept. of Elections, 174 F.3d 305, 311 (3d Cir. 1999). An appeal from

2

the denial of relief under Rule 60(b) brings up only the subject matter of the Rule 60(b) motion and not the underlying case. Smith v. Evans, 853 F.2d 155, 158 n.1 (3d Cir. 1988).

The District Court correctly concluded that Brown failed to provide any basis for granting relief under Rule 60(b). Brown does not seek relief based on mistake, newly discovered evidence, or fraud. He also fails to show extraordinary circumstances that would warrant relief under Rule 60(b)(6). See Morris v. Horn, 187 F.3d 333, 342 (3d Cir. 1999).

Because the District Court did not abuse its discretion in denying the Rule 60(b) motion, we will dismiss this appeal as lacking any arguable basis in law pursuant to 28 U.S.C. § 1915(e)(2)(B). Brown's motion for appointment of counsel is denied.