

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2007

# Barner v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1447

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Barner v. Williamson" (2007). *2007 Decisions*. Paper 747.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/747

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-273                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1447
_____

BRIAN K. BARNER,

Appellant

v.

WARDEN TROY WILLIAMSON

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01127)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 21, 2007

Before:  BARRY, AMBRO and FISHER, Circuit Judges.

(Filed: July 17, 2007  )
_____

OPINION
_____

PER CURIAM

Brian Barner appeals from the order of the United States District Court for the

Middle District of Pennsylvania denying his motion pursuant to Fed. R. Civ. P. 60(b).

We conclude that the District Court did not abuse its discretion in denying the motion. Because this appeal presents no substantial question, we will summarily affirm the District Court's order. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Barner, a federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his confinement in administrative detention, the initiation of that confinement through a detention order, and the disciplinary proceedings whereby he was sanctioned with a loss of 13 days good time credit, a 15-day term in disciplinary segregation, and a loss of commissary and visitation privileges for six months. The District Court denied his petition, and we affirmed. C.A. No. 06-3351. While the appeal of his habeas petition was pending, Barner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), claiming that the Appellee had committed a fraud upon the District Court. The motion was denied, and Barner appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We will summarily affirm a district court's order if an appeal presents no substantial question. See I.O.P. 10.6. The denial of a Rule 60(b) motion is reviewed for abuse of discretion. Reform Party of Allegheny County v. Allegheny County Dep't. of Elections, 174 F.3d 305, 311 (3d Cir. 1999). An appeal from denial of relief under Rule 60(b) brings up only the subject matter of the motion and not the underlying case. Smith v. Evans, 853 F.2d 155, 158 n.1 (3d Cir. 1988).

2

A Rule 60(b) motion may be granted if an adverse party committed fraud, misrepresentation, or other misconduct. Fed. R. Civ. P. 60(b)(3). In his Rule 60(b) motion, Barner asserts that he is entitled to relief because the Appellee submitted a fraudulent report by the disciplinary hearing officer to the District Court and that the report was materially different from the one that he had received in connection with his disciplinary proceedings. The District Court concluded that Appellee had not submitted a fraudulent document, holding that Barner's version of the report was simply a draft of the final version that Appellee had submitted. Furthermore, the District Court concluded that, contrary to Barner's assertion, the two reports were not materially different and that denial of his habeas petition was warranted based on the content of either report. We agree.

Because the District Court did not abuse its discretion in denying the Rule 60(b) motion and because this appeal presents no substantial question, we will summarily affirm the District Court's order. See Third Circuit LAR 27.4 and I.O.P. 10.6.

3