OPINION
SMITH, Circuit Judge.
In June of 1996, Irvington Police Department Officers Rucker, Aleman, and Stouch responded to a noise complaint at approximately 2:00 A.M. at the residence of Marie E. Antoine, the sister of Appellant Max D. Antoine (Antoine). The officers were not welcome. Unfortunately, the matter escalated beyond a verbal confrontation, resulting in Antoine’s arrest and physical removal from the premises. Thereafter, Antoine, his wife, his daughter, and his sister filed a complaint in the United States District Court for the District of New Jersey, alleging that the officers, and others, violated their federal constitutional rights as well as state tort law.[1]
All of the defendants moved for summary judgment. In a comprehensive decision filed July 12, 2006, the District Court granted summary judgment in favor of the defendants, except for a few of Antoine’s claims against Officers Rucker, Aleman, and Stouch. Antoine’s surviving claims were brought under (1) § 1983, alleging false arrest, false imprisonment, and excessive force in violation of the Fourth Amendment; (2) §§ 1981 and 1983, alleging selective enforcement and an equal protection violation; and (3) state law for assault, battery, and negligence.
Thereafter, the state criminal charges against Antoine arising out of the noise complaint were resolved through New Jersey’s Pretrial Intervention Program. See N.J.S.A. § 2C:43-12. During the court proceeding, Antoine admitted that he resisted arrest, and one of the criminal charges was amended to a charge of fourth degree assault on a police officer. Officers Rucker, Aleman, and Stouch filed a second motion for summary judgment, contending that Antoine’s Fourth Amendment and state law claims were barred pursuant to Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In support of their motion, the officers appended a transcript of Antoine’s state court proceeding during which the criminal charges were amended and he was referred to the Pretrial Intervention Program. Antoine, who was represented by counsel, did not oppose this motion. In a decision dated May 14, 2007, the District Court granted summary judgment in favor of the officers on Antoine’s Fourth Amendment and state law claims based on the doctrine set forth in Heck[2] Antoine filed a motion for reconsideration.
On July 9, 2007, Antoine filed a notice of appeal, No. 07-3231. Within days, Officers Rucker, Aleman, and Stouch filed a third motion for summary judgment on the remaining selective enforcement and equal protection claims.
On April 1, 2008, the District Court issued its third opinion. The Court denied Antoine’s motion for reconsideration of the grant of summary judgment on the Fourth Amendment and state law claims, and granted summary judgment in favor of the officers on the remaining selective enforcement and equal protection claims. With regard to the motion for reconsideration, the District Court acknowledged Antoine’s argument that the transcript of the state court plea proceeding and certain mug shots had been fabricated by the officers. It refused to reinstate the Fourth Amendment and state law claims, however, noting that the transcript from Antoine’s state *391 court proceeding was part of an exhibit that defense counsel had sworn was a true and accurate copy.
Although the April 1, 2008, decision and order constituted an appealable final order because it ended the litigation on the merits and left nothing for the District Court to do, see Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir.2009), Antoine did not file a notice of appeal. Instead, on May 1, 2008, Antoine filed a motion for reconsideration seeking relief under Federal Rule of Civil Procedure 60(b). In a thorough opinion dated July 15, 2008, 2008 WL 2783347, the District Court considered each of Rule 60(b)’s six grounds for relief and found Antoine’s invocation of them unavailing. Twenty-eight days later, on August 12, 2008, Antoine filed a second notice of appeal, No. 08-3462.
During the pendency of this second appeal, on May 6, 2009, this Court granted the officers’ motion to dismiss Antoine’s initial appeal, No. 07-3231, for lack of jurisdiction. We also explained that the initial notice of appeal was timely with regard to only two interlocutory orders,[3] and that an appeal from these types of interlocutory orders did not qualify as a premature appeal that could ripen upon entry of final judgment. Antoine v. Rucker, No. 07-3231 (3d Cir. May 6, 2009) (citing Adapt of Phila. v. Phila. Hous. Auth., 433 F.3d 353, 365 (3d Cir.2006)). We noted that Antoine could have appealed from the District Court’s entry of final judgment in April of 2008, but that no such appeal had been filed.
Because Antoine’s May 1, 2008, motion for reconsideration was not filed within ten days of the District Court’s April 1, 2008, final judgment, the motion did not toll the time period for filing a notice of appeal from that judgment. Fed. R.App. P. 4(a)(4)(A)(vi). The second notice of appeal filed on August 12, 2008, however, was filed within thirty days of the District Court’s denial of the motion for reconsideration. Accordingly, we have jurisdiction under 28 U.S.C. § 1291 over the District Court’s denial of Antoine’s second motion for reconsideration.
“[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.” Browder v. Dir. Dep’t of Corrs., of Ill., 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); see also Smith v. Evans, 853 F.2d 155, 158 n. 1 (3d Cir.1988) (noting that even though Rule 60(b) preserves the right to appeal, the appeal may bring up only the subject matter of the 60(b) motion and not the underlying case). As a consequence, even though Antoine’s brief argues that the District Court’s grant of summary judgment in favor of the officers was error, we lack jurisdiction to consider that issue. We confine our review to whether the District Court abused its discretion in denying Antoine’s motion for reconsideration under Rule 60(b). See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir.2008) (reiterating that we “review grants or denials of relief under Rule 60(b), aside from those raised under Rule 60(b)(4), under an abuse of discretion standard”) (internal citation omitted).
Antoine’s opening brief completely fails to present any legal argument in support of his contention that the District Court erred by denying his motion for reconsideration. This is a sufficient ground for finding the claim waived. See Laborers’ Int’l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir.1994) (“An issue is waived unless a party raises it in its opening brief, and for those purposes ‘a passing reference to an issue ... will not suffice to *392 bring that issue before this court’ ”); see also Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir.1993) (observing that an appellant’s failure to present legal argument in support of an issue waives that issue on appeal and the court of appeals need not address it).
Nonetheless, we construe the reference in Antoine’s opening brief to “fraud ... in violation of Court Rule 60(b)” as a challenge to the District Court’s denial of his motion for reconsideration under Rule 60(b)(3) and (6). Under this rule, a court is permitted “to relieve a party from a final judgment” for “(3) fraud ... misrepresentation, or misconduct by an opposing party,” or “(6) any other reason that justifies relief.” Fed.R.Civ.P. 60(b)(3) and (6). The District Court declined to grant Antoine relief, explaining that his charge that the Officers fabricated “the allocution transcript and mug shots” was unsupported by the evidence as explained during the summary judgment proceeding. In addition, the Court concluded that Antoine had failed to establish extraordinary circumstances warranting a grant of relief under Rule 60(b)(6). We find no error in the District Court’s denial of Antoine’s motion for reconsideration. Antoine has not adduced any evidence casting doubt on the authenticity of the state court transcript.
For the reasons set forth above, we will affirm the judgment of the District Court.[4]

. The District Court exercised federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343, as well as supplemental jurisdiction under 28 U.S.C. § 1367.

. The motion did not seek summary judgment on Antoine’s selective enforcement and equal protection claims, and these claims remained outstanding.

. Neither of the interlocutory orders was the order granting summary judgment on An-loine's Fourth Amendment and state law claims.

. Antoine's notice of appeal referred generally to the plaintiffs, which include his wife, Marie Horatius, and his daughter, Nelchael. At first glance, their appeals seem timely in light of Federal Rule of Appellate Procedure 3(c)(2), which provides that a “pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children.” But Marie’s and Nelchael's claims became appeal-able with the entry of the District Court’s April 1, 2008, final order resolving Antoine's remaining claims. Because a notice of appeal was never filed within thirty days of that final order, Marie and Nelchael have waived their rights to appeal. As a result, we cannot review those claims in this appeal, which takes issue with the propriety of the District Court's denial of Antoine’s motion for reconsideration.