**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2902
_____

UNITED STATES OF AMERICA

v.

DUSTIN B. BOGART; MARCY A. BOGART; SOUTHERN COUNTRY RANCH

Dustin B. Bogart; Marcy A. Bogart,
                                        Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-12-cv-00347)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 19, 2019
Before:  GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 7, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dustin and Marcy Bogart appeal from the order of the United States District Court for the Middle District of Pennsylvania denying their motion for reconsideration of its December 2, 2015 order distributing the sales proceeds of property, as well from an order denying a second motion for reconsideration. For the following reasons, we will affirm.

I.

Dustin Bogart failed to pay his federal income taxes for the years 2000-2003. The United States District Court for the District of Tennessee entered an order reducing to judgment the unpaid federal tax liability, which exceeded $300,000 (including interest and penalties), and authorizing the United States to foreclose the tax liens against real property in Tennessee. The United States brought a companion suit against Bogart in the District Court for the Eastern District of Pennsylvania seeking a declaration regarding the validity of tax liens against real property located at 792 Brush Valley Road (also known as RR 5 Box #1100), Sunbury, Pennsylvania ("the Pennsylvania property), and to obtain judicial sale of the property. The complaint also named Bogart's wife, Marcy, who does not owe any unpaid taxes, and Southern Country Ranch (SCR), an unincorporated business trust organization (UBTO), because they might claim an interest in the property. See 26 U.S.C. § 7403.

In their responsive pleadings, the Bogarts relied primarily on well-worn tax protestor arguments to challenge the underlying tax assessments and the District Court's jurisdiction. They also both denied that they may claim an interest in the Pennsylvania property, but admitted that they transferred the property to SCR. In granting summary judgment in favor of the Government, the District Court determined that the Bogarts'

2

argument that the tax liability was unlawful and improper was barred by res judicata as a result of the Tennessee District Court's judgment. It also found that the Bogarts had used an "interlocking web of UBTOs and bank accounts, trusts and accounts . . . in a kaleidoscopic fashion to conceal the[ir] ownership of certain properties" and "frustrate a lawful tax levy." It concluded that the Bogarts were the equitable owners of the Pennsylvania property and that the UBTOs, including SCR, held title to the property as their nominee/alter ego. As a result, the Court determined that the Government was entitled to satisfy the tax liabilities by foreclosing on the Pennsylvania property. The Bogarts appealed from this judgment, and from a subsequent order granting the Government's motion for entry of an order of sale pursuant to 28 U.S.C. §§ 2001 and 2002.

While the appeal was pending, the Pennsylvania property was sold, and the District Court granted the Government's motion for distribution of sales proceeds, pursuant to which all proceeds from the sale (less expenses) were ordered distributed to the Government to be applied to the income tax liability. That order was entered, however, prior to the filing of the Bogarts' timely objections to the Government's motion, in which they argued, for the first time in the District Court, that Marcy Bogart, as the non-debtor spouse, had a tenancy interest in the property entitling her to 50% of the sales proceeds. The Bogarts filed a motion to vacate the order authorizing distribution of sales proceeds, which the District Court denied. The Bogarts appealed, and the two appeals were consolidated for purposes of disposition.

On appeal, we affirmed the grant of summary judgment and the order of sale. See United States v. Bogart, 715 F. App'x 161 (3d Cir. 2017). We agreed with the District Court that the Bogarts were barred from challenging the validity of the tax liens, and that Bogart had an equitable interest in the Pennsylvania property to which the tax lien could attach. We noted the Bogarts' argument that the tax lien could not attach to Marcy's interest in the property as a non-debtor spouse. We recognized that Marcy held a tenancy interest but determined that the District Court did not abuse its discretion in ordering a forced sale of the jointly owned property. See United States v. Craft, 535 U.S. 274, 278 (2002) (holding that a federal tax lien may attach to tenancy by the entireties property to satisfy the tax obligation of one tenant).

We next considered the Bogarts' argument that the District Court erred in denying their motion to vacate the order granting the Government's motion for distribution of sales proceeds. As they had argued in their objections to the Government's motion, the Bogarts maintained in their motion to vacate that Marcy was entitled to compensation for her interest in the property through a portion of the sales proceeds. The District Court rejected the argument as frivolous. On appeal, the Government maintained that Marcy had waived her interest in the property by admitting, in her response to the complaint, that she did not claim an interest in the property, and by failing to assert her interest until after the order of sale.

Because the District Court had not considered the Bogarts' timely objections to the motion for distribution of proceeds, and because we determined that the issue as to whether Marcy Bogart was entitled to a share of the proceeds was not frivolous, we

4

vacated the post-judgment order to the extent it denied the motion to vacate, and remanded for the District Court to consider the issue in the first instance. On remand, the Court, agreeing with the Government, held that Marcy Bogart had waived her right to assert an interest in the sales proceeds by failing to assert an interest in the Pennsylvania property prior to the order of sale. It denied the motion to vacate and the subsequent motion for reconsideration, and this appeal ensued.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We note that the Bogarts' "Motion to Vacate," is a timely motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). See Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (holding that it is the "function of the motion, not the caption [that] dictates which rule applies"). We review the denial of a motion for reconsideration for abuse of discretion. Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015).

We agree with the District Court that Marcy Bogart has waived her right to assert an interest in the proceeds of the sale. Waiver "is the intentional relinquishment or abandonment of a known right." Barna v. Bd. of Sch. Dir. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017). As the Government argues, Marcy Bogart intentionally abandoned her right when, in their answer to the complaint, the Bogarts denied that she "may claim an interest" in the property. At the time, the Bogarts were aware that as the non-debtor spouse, Marcy may have a claim to a compensable interest in the jointly owned property. See United States v. Rodgers, 461 U.S. 677, 693-94 (1983) (holding that § 7403 contemplates "the recognition of third-party interests through

5

the mechanism of judicial valuation and distribution"). Nevertheless, they denied her interest as part of a continuing strategy to conceal their ownership of the property and to frustrate the Government's lawful tax levy. It was only after the District Court determined that SCR held title to the property as the Bogarts' nominee and that, therefore, the Government was entitled to foreclose on the property, and only after the property sale was authorized, that the Bogarts asserted Marcy's right to the property. Because Marcy Bogart acted with full knowledge – and indeed deceit – when she disclaimed her interest in the Pennsylvania property, the District Court properly deemed her right to assert an interest in the sale proceeds to be waived. Accordingly, it did not abuse its discretion in denying the motions for reconsideration.[1]

For the foregoing reasons, we will affirm the judgment of the District Court.[2]

---

[1] We agree with the District Court that the evidence was insufficient to support a claim that June Bogart, Dustin Bogart's mother, had a compensable interest in the Pennsylvania property. As the Government argues, her affidavit purports to indicate a 33 1/3% interest in SCR, not in the Pennsylvania property. The Sixth Circuit Court of Appeals likewise determined that the affidavit indicates that June Bogart obtained a one-third proprietary interest in SCR, not in the Tennessee property.

[2] Appellants' "Motion for Leave for Pre-Appeal Depositions . . ." is considered to the extent it contains argument in support of the appeal; it is otherwise denied. Appellants' motion for recusal is denied. See generally Liteky v. United States, 510 U.S. 540, 555 (1994) (recusal not warranted merely because of repeated judicial rulings against the movant).