

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2007

# Blom v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3437

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Blom v. USA" (2007). *2007 Decisions.* Paper 225.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/225

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-31                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3437
_____

DONALD ALBIN BLOM,
                                        Appellant

v.

UNITED STATES OF AMERICA; LOUIS FOLINO
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-cv-00408)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2007
_____

Before:     BARRY, CHAGARES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>.

(Opinion filed: November 9, 2007)
_____

OPINION
_____

PER CURIAM

        Donald Albin Blom appeals from the order of the United States District Court for

the Western District of Pennsylvania denying his motion pursuant to Fed. R. Civ. P.

60(b).  We conclude that the district court did not abuse its discretion in denying the motion.  Further, because this appeal presents no substantial question, we will summarily affirm the district court's order.  See Third Circuit LAR 27.4 and I.O.P. 10.6.

## I.

On March 24, 2005, Blom filed a pro se § 2241 habeas petition.  The district court denied the petition and Blom appealed.  On October 27, 2006, this court entered judgment affirming the district court's decision.  See C.A. No. 06-2178.  On March 19, 2007, Blom filed a motion for relief from judgment in the district court.  The district court denied the motion on August 7, 2007.  Blom filed a timely notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  The denial of a Rule 60(b) motion is reviewed for abuse of discretion.  See Reform Party of Allegheny County v. Allegheny County Dep't. of Elections, 174 F.3d 305, 311 (3d Cir. 1999).  An appeal from denial of relief under Rule 60(b) brings up only the subject matter of the motion and not the underlying case.[1]  See Smith v. Evans, 853 F.2d 155, 158 n.1 (3d Cir. 1988).

## III.

Although Blom's motion was titled as arising under Federal Rule of Civil Procedure 60(b), the motion primarily reiterated previous arguments raised in his § 2241 petition.  As it raised no new arguments beyond those previously addressed by the district

---

[1] Because this appeal relates to a petition brought under § 2241, no certificate of appealability is required.  See 28 U.S.C. § 2253(c)(1)(B).

court, its primary purpose was to "relitigate the original issue;" thus, Blom's motion could have been viewed as an untimely motion for reconsideration under Rule 59(e) by the district court.  See Smith v. Evans, 853 F.2d 155, 158-159 (3d Cir. 1988); see also Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984) (the function of the motion, rather than the caption, dictates which Rule applies).  Since we previously summarily affirmed the district court's decision to dismiss Blom's § 2241 petition, we clearly agree with the district court's initial judgment.

Further, even if Blom's motion were properly viewed as arising under Rule 60(b)(3), the district court correctly disposed of it, as there was no viable basis for granting him relief.[2]  See Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983).

Because the district court did not abuse its discretion in denying the Rule 60(b) motion and because this appeal presents no substantial question, we will summarily affirm the district court's order.  See Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[2]  Although Blom provided no basis for vacating the district court's judgment, to the extent that he continues his attempts to exhaust his underlying claim, he may seek review after the BOP's determination by filing another § 2241 petition in accordance with any applicable procedural requirements.

-3-