**Tondalia CLIETT, Administratrix of the Estate of Quaran Cliett (her son) Deceased, in her own right,**

v.

**CITY OF OCEAN CITY**

Tondalia Cliett, Appellant.

No. 08–4731.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
L.A.R. 34.1(a) Sept. 17, 2009.

Filed: Sept. 21, 2009.

Gustine J. Pelagatti, Sr., Esq., Law Offices of Pelagatti & Pelagatti, Philadelphia, PA, for Tondalia Cliett.

A. Michael Barker, Esq., Barker, Scott & Gelfand, Linwood, NJ, for City of Ocean City.

Before: SLOVITER, FUENTES, and SMITH, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

"This is a tragic case." That is how the District Court opinion which we now review begins, and that is how we begin as well.

Tondalia Cliett, in her own right and as administratrix of her son's estate, filed a wrongful death and survival action against the City of Ocean City, New Jersey, in September of 2006. In November of 2006, the City moved to dismiss, asserting that Cliett's complaint should be dismissed because she failed to file the Notice of Claim required by the New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:8–3, 59:8–8. The District Court converted the Rule 12(b)(6) motion into a motion for summary judgment, then granted the motion in favor of the City. Cliett filed a timely motion for reconsideration. Cliett voluntarily withdrew her motion for reconsideration after eight months, however, and filed a Notice of Appeal challenging the District Court's dismissal of her complaint. We dismissed as untimely Cliett's appeal, which had been filed more than thirty days after the District Court's final order. Almost two months later, on September 12, 2008, Cliett filed a motion to reinstate the previously withdrawn motion for reconsid-

eration so that the District Court could "make a final ruling prior to appeal." The District Court denied the motion to reinstate on November 13, 2008. The Court stated that "[Cliett] cannot now 'reinstate' that motion, but would instead be required to file a new motion for reconsideration." The Court observed such a motion would be untimely and that "untimeliness 'alone is sufficient grounds to deny the ... motion.'"

This timely appeal followed.[1] Cliett contends that the District Court erred by (1) dismissing her complaint in August of 2007; and (2) declining in November of 2008 to reinstate the motion for reconsideration, which she had voluntarily withdrawn.

Because Cliett's motion for reinstatement did not seek relief under a specific Federal Rule of Civil Procedure, and mindful that Federal Rules of Civil Procedure 59 and 60 govern the opening of final judgments, we consider whether the motion for reinstatement should have been characterized as a motion for relief thereunder.

> Where, as here, the motion is filed outside of the ten days provided for under Rule 59(e), but within the [time] permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion.

*Ahmed v. Dragovich,* 297 F.3d 201, 209 (3d Cir.2002). Although the motion is barebones, we construe it as one for relief under the "catch-all provision in Rule 60(b)(6) that allows a court to relieve a party from a judgment for 'any other reason that justifies relief' aside from the more specific circumstances described in Rules 60(b)(1)–(5)." *Budget Blinds, Inc. v.*

*White,* 536 F.3d 244, 251 (3d Cir.2008). "[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *Id.* at 255 (footnote omitted). We review the denial of relief under Rule 60(b)(6) for an abuse of discretion. *Id.* at 251.

■ The District Court did not abuse its discretion in denying reinstatement of the previously withdrawn motion for reconsideration. The motion for reinstatement was filed more than a year after the entry of final judgment, and the only ground asserted was that reinstatement of the action would allow the District Court to "make a final ruling prior to appeal." Yet a final ruling had already been rendered in the August 24, 2007, 2007 WL 2459446, order granting summary judgment. In light of the dismissal of the untimely appeal in July of 2008, Cliett has not demonstrated extraordinary circumstances warranting relief under Rule 60(b)(6). We will affirm the order of the District Court denying the motion for reinstatement.

■ It is well settled that "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder v. Dir. Dept. of Corrs. of Ill.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *see also Smith v. Evans,* 853 F.2d 155, 158 n. 1 (3d Cir.1988) (noting that the even though Rule 60(b) preserves the right to appeal, the appeal may bring up only the subject matter of the 60(b) motion and not the underlying case). Accordingly, even though the bulk of Cliett's brief argues that the District Court's grant of summary judgment in

---

1. The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We exercise juris-   diction under 28 U.S.C. § 1291.

favor of the City was error, we lack jurisdiction to consider that issue.