**HOLIDAY VILLAGE EAST HOME OWNERS ASSOCIATION, INC., Plaintiff,**

**v.**

**QBE INS. CORP., QBE Ins. Group, Ltd., and Community Association Underwriters of America, Inc., Defendants.**

**Civil Action No. 11–5765 (JEI/JS).**

United States District Court, D. New Jersey.

Jan. 25, 2012.

I. Michael Heine, Heine Associates, PA, Cherry Hill, NJ, for Plaintiff.

Aaron Brouk, Lester Schwab Katz & Dwyer LLP, Millburn, NJ, for Defendants.

1. While Plaintiff's Motion is brought pursuant to both Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 60(b)(1), the only asserted basis for the Motion is the Court's alleged errors of law, which is a proper basis for a Rule 59(e) Mo-

**ORDER DENYING PLAINTIFF'S MOTIONS PURSUANT TO FED. R. CIV. P. 59, 60 AND 15 (DKT. NOS. 16 and 17)**

IRENAS, Senior District Judge:

This matter having appeared before the Court upon Plaintiff's Motion pursuant to Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 60(b)(1) (Dkt. No. 16) seeking relief from Court's Opinion and Order of December 19, 2011, and Plaintiff's Motion for leave to file a second amended complaint pursuant to Fed.R.Civ.P. 15(a) (Dkt. No. 17), and it appearing that:

1. Plaintiff Holiday Village East Home Owners Association, Inc. initiated this action for a declaratory judgment and damages following Defendants' denial of coverage under a property insurance policy (the "Policy") for damage to the Clubhouse roof. On December 19, 2011, this Court granted Defendants' Motion to Dismiss the Amended Complaint, finding that Plaintiff had failed to allege a "collapse" within the meaning of the Policy. Plaintiff now seeks "reconsideration relief" pursuant to Fed. R.Civ.P. 59(e) and 60(b)(1), and leave to file a second amended complaint pursuant to Fed.R.Civ.P. 15(a)(2).

2. A Rule 59(e) Motion must rely on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir.2010).[1]

3. Plaintiff does not argue that there has been an intervening change in the law or that new evidence has become available. Rather, Plaintiff contends that the Court

tion. The Third Circuit has held that "legal error, without more, cannot justify granting a Rule 60(b) motion." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988).

has made the several "errors of law": (1) disregarding the Policy's usage of present participles to define collapse; (2) arbitrarily substituting past participles into the Policy's definition of collapse; (3) failing to identify any conclusory allegations in the Amended Complaint; (4) "[f]ailing to acknowledge that the simple factual language of the Policy definition of "Collapse" is exactly the simple factual language of the pleading;" (5) applying a heightened pleading standard than what is required by Rule 8(a); (6) making "an English language pronouncement and factual finding" that the term abrupt is inconsistent with present progressive activity. (Pl's Reply at 5–6.)

4. Put simply, Plaintiff is incorrect that this Court made improper factual findings, employed a heightened pleading standard, or improperly applied or modified the Policy's language concerning collapse coverage.[2] The primary basis of the pending Motions appears to be Plaintiff's erroneous belief that this Court misapplied what Plaintiff deems the "present participle" verbs in the Policy's definition of collapse as "an abrupt falling down, caving in or flattening." (*See* Walsh Dec. Ex. A at XXVIII.11.) However, Plaintiff has misidentified the part of speech in this phrase leading him to an incorrect understanding of the Policy's collapse coverage. The -ing words in the phrase "an abrupt falling down, caving in or flattening" are gerunds, nouns formed by adding -ing to the plain form of a verb. Plaintiff's arguments are premised on an incorrect identification of these nouns as present participles, which look like gerunds, but function as either adjectives or, when preceded by a helping verb, as part of a verb phrase. Plaintiff has not persuaded this Court that its December 19, 2011 ruling is "clearly wrong"

or "that adherence to the decision would create a manifest injustice." *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir.1998). "A motion for reconsideration [is not] properly grounded on a request that a court rethink a decision already made." *Hunterson v. DiSabato*, 137 F.Supp.2d 529, 549 (D.N.J.1999).

5. Because the Court will deny Plaintiff's Motions pursuant to Rules 59(e) and 60(b)(1), Plaintiff's Motion to for leave to file a second amended complaint pursuant to Fed.R.Civ.P. 15(a) will also be denied. While Fed.R.Civ.P. 15(a) vests courts with discretion to permit amendment "freely . . . when justice so requires," the "liberality of the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that govern the opening of final judgments. As Wright and Miller observe 'once a judgment is entered the filing of an amendment [under Rule 15] cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60.'" *Ahmed v. Dragovich*, 297 F.3d 201, 207–08 (3d Cir.2002) (internal citations omitted).

Accordingly,

IT IS on this *25th* day of January, 2012,

**ORDERED THAT:**

1. Plaintiff's Motion pursuant to Fed. R.Civ.P. 59(e) and 60(b)(1) (Dkt. No. 16) is hereby **DENIED.**

2. Plaintiff's Motion pursuant to Fed. R.Civ.P. 15(a) (Dkt. No. 17) is hereby **DENIED.**

---

**2.** *See generally Holiday Village East Home Owners Ass'n v. QBE INS. Corp.*, 830 F.Supp.2d 24, 2011 WL 6322978 (D.N.J. 2011).