NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1373
_____

HOLIDAY VILLAGE EAST HOMEOWNER'S ASSOCIATION,
Appellant

v.

QBE INS CORPORATION; QBE INSURANCE GROUP, LTD.;
COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA.

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 1-11-cv-05765)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 17, 2012
_____

BEFORE:  McKEE, *Chief Judge*, and SLOVITER and VANASKIE, *Circuit Judges*

(Filed:  April 22, 2013)
_____

OPINION
_____


McKEE, *Chief Judge*.

Holiday Village East Home Owners Association, Inc. ("HVE") appeals the

District Court's order denying relief to alter or amend a grant of final judgment, and

denying leave to file a second amended complaint.  For the reasons discussed below, we will affirm.[1]

## I.

Because we write primarily for the parties who are familiar with this case, we only briefly recite essential facts.

In its well-reasoned December 19, 2011 and January 25, 2012 opinions, the District Court explained why HVE's amended complaint failed to state a claim, and why final judgment was warranted.[2]

After HVE's amended complaint was dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), HVE sought reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1), and leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a).  Both motions were denied, and this appeal followed.[3]

## II.

---

[1]  HVE's appeal encompasses the District Court's underlying ruling on the merits of HVE's claims for declaratory relief and damages.  *See*, *e.g.*, *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (reviewing the merits of appellant's underlying claim on an appeal from a district court's denial of leave to amend based on, *inter alia*, futility).

[2]  References to QBE include QBE's corporate affiliates that were also named defendants.

[3]  "We exercise plenary review [over] the District Court['s] grant of a motion to dismiss under Federal Rule[] of Civil Procedure 12(b)(6).  The District Court's denial of a motion to amend pursuant to Federal Rule of Civil Procedure 15(a), is reviewed for abuse of discretion.  We review the District Court denial of a Rule 59(e) motion to amend the complaint for abuse of discretion, but we review the District Court's underlying legal determinations *de novo* and factual determinations for clear error."  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (internal citations omitted); *see also* *Winer Family Trust v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007).

2

Contrary to HVE's contentions, the District Court properly found that the Policy's use of the present tense merely described what had to occur "abruptly" in order to merit coverage under the Policy's collapse provision. *See Holiday Village East Home Owners Association, Inc* , 830 F. Supp. 24, 27 (D.N.J. 2011), *and* 803 F. Supp.2d 28, 30 (D.N.J. 2012) (denying motions to amend judgment and file second amended complaint); *see also Hardy ex rel. Dowdell v. Abdul-Matin*, 198 N.J. 95, 103-104 (N.J. 2009) (noting that insurance policy provisions are interpreted as a whole rather than in isolation). Furthermore, the word "abrupt," along with the Policy's disclaimer of coverage even if the "building has been declared . . . to be in an imminent state of collapse," narrows the meaning of "collapse" under the Policy by limiting coverage to an immediate, rather than gradual, collapse. "[A]brupt" also distinguishes this case from *Ercolani v. Excelsior Insurance Co.*, 830 F.2d 31, 34-35 (3d Cir. 1987), which held that there was coverage under an ambiguous contract provision that did not expressly limit coverage to immediate incidents. Thus, because the Policy's "collapse" provision unambiguously excludes coverage for HVE's claim, there was no basis for the District Court to find that HVE stated, or can state, a claim for relief. *See President v. Jenkins*, 180 N.J. 550, 562 (N.J. 2004) ("If the policy terms are clear, courts should interpret the policy as written and avoid writing a better insurance policy than the one purchased."). Accordingly, HVE's claims fail as a matter of law.[4]

---

[4]  We also conclude that HVE's contentions regarding the District Court's interpretation of factual allegations, and application of pleading standards are without merit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

**III.**

We will affirm substantially for the reasons set forth by the District Court.