**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3315
_____

MARC ANTWAIN X. RIVERS MUHAMMAD, SR.,

                                                        Appellant

v.

CLEATRICE X. DEMPSEY; ASYIA RIGSBYE; YORRII SASKA HARDING;
LUZERNE COUNTY COURT OF COMMON PLEAS DIVISION, ORPHANS
COURT; SUPERIOR COURT OF PENNSYLVANIA;
SUPREME COURT PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-11-cv-00350)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 29, 2014
Before:  FUENTES, SHWARTZ and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 10, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Marc Antwain X. Rivers Muhammad, Sr. appeals the District Court's order denying his motion filed pursuant to Fed. R. Civ. P. 60(b)(6). For the reasons below, we will affirm the District Court's judgment.

The procedural history of this case and the details of Muhammad's claims are well known to the parties and need not be discussed at length. Briefly, Muhammad filed a civil rights complaint alleging several claims arising out of a child custody dispute in state court. In July 2013, we summarily affirmed the District Court's order dismissing the complaint. See Muhammad v. Dempsey, 531 F. App'x 216 (3d Cir. 2013). We held, in relevant part, that Muhammad's § 1983 claims were barred by the statute of limitations. In June 2014, Muhammad filed a Rule 60(b)(6) motion. The District Court denied the motion, and Muhammad filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of a motion pursuant to Rule 60(b) for an abuse of discretion. Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). An appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review. See Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7 (1978). A litigant moving under Rule 60(b)(6) must show "extraordinary circumstances" to justify reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Legal error, without more, is not a basis for granting a Rule 60(b) motion. Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011).

2

In his Rule 60(b)(6) motion, Muhammad reargued the claims in his complaint. His efforts to relitigate the legal issues involved in his District Court proceedings are not extraordinary circumstances that would allow for the reopening of his District Court proceedings. Muhammad appears to argue that a state court custody order issued in 2013 makes his claims timely under the continuing violations doctrine. The District Court rejected a similar argument based on the continuing violations doctrine when it dismissed his complaint, and we rejected that argument on appeal. Muhammad's re-assertion of the doctrine based on a new custody order is without merit and insufficient to justify reopening the District Court proceedings. The District Court did not abuse its discretion in denying Muhammad's Rule 60(b) motion.

For the above reasons, we will affirm the District Court's judgment.