**\*AMENDED**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3073
_____

JAMES A. WALSH,
                                                            Appellant

v.

KERRY WALSH; JEF HENNINGER, Esq.;
HONORABLE JOHN M. DORAN, J.S.C

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 3-16-cv-04242)
District Judge:  Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2018

Before:  GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed  February 13, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant James Walsh appeals the District Court's orders dismissing his complaint and denying his motion for reconsideration. For the reasons detailed below, we will affirm the District Court's judgment.

This case is related to divorce and child-custody proceedings between James and Kerry Walsh. In the midst of those proceedings, Kerry, through her attorney, Jef Henninger, filed a motion for a restraining order against James. Judge Doran granted the request and barred James from having any contact with Kerry or their children. James contends that Kerry and Henninger conspired to file false domestic-violence charges for the purpose of gaining leverage in the divorce action, and that Judge Doran "ignored the laws and stood in the way of [James's] ability and privilege to have parenting time."

James filed a complaint in the District Court against Kerry, Henninger, and Judge Doran. He raised a claim under 42 U.S.C. § 1983, alleging that the defendants had violated his parental rights as protected by the Due Process Clause. He also raised numerous state-law claims. The defendants filed motions to dismiss, which the District Court granted. The Court concluded that James's claims were barred by the Rooker-Feldman doctrine. See D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Further, the Court concluded that, to the extent that Rooker-Feldman applied only to James's § 1983 claim, it would decline to exercise supplemental jurisdiction over the state-law claims. James filed a motion for reconsideration, which the District Court denied, and James then filed a timely notice of appeal.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal order, see Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010), and review the denial of a motion for reconsideration for abuse of discretion, see Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008); Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We agree with the District Court's disposition of this case. The Rooker-Feldman doctrine deprives federal courts of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alterations omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

While this doctrine is "narrow," id. at 169, it encompasses at least some small aspect of James's claims. After a hearing, Judge Doran granted a restraining order that prevented James from having contact with his children. James sought reconsideration, which Judge Doran denied, and the Appellate Division of the Superior Court affirmed the denial of the motion for reconsideration. See K.W. v. J.W., No. A-2719-15T2, 2017 WL 2854440, at *3 (N.J. Super. Ct. App. Div. July 5, 2017) (per curiam). Thus, James lost in state court. His claims allege, at least in part, that this order injured him by separating

3

him from his children. That order preceded his federal action. Finally, he contends that the restraining order violates his constitutional rights, and thus asked the District Court to directly review and reject it. See Great W. Mining & Mineral Co., 615 F.3d at 166-67 (describing similar claim and concluding that it would be barred by Rooker-Feldman).

It does appear that James is also asserting some independent injury caused by the defendants' conduct during the domestic-relations proceedings; these claim are not barred by the Rooker-Feldman doctrine. See id. at 168-71. However, the claims face other legal bars. First, James's § 1983 claim against Judge Doran fails because "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). While James contends that Judge Doran failed to apply the law and otherwise erred in granting the restraining order, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam).

The claims against Kerry and Henninger fare no better. To state a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added). Neither Kerry nor Henninger qualifies. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their

4

position as officers of the court"). While a private party may qualify as a state actor if he or she conspires with a state official, see id., James has not meaningfully claimed that Kerry or Henninger has done so, see Dennis v. Sparks, 449 U.S. 24, 28 (1980) ("merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge"). Thus, the District Court did not err in dismissing James's § 1983 claim.[1]

Finally, given the legal bars to James's claims discussed above, the District Court did not err in refusing to reconsider its dismissal of his complaint. See generally Max's Seafood Cafe ex rel. Lou–Ann, 176 F.3d at 677.[2]

---

[1] We understand the District Court's opinion to have declined to exercise supplemental jurisdiction over the state-law claims. Given that the District Court properly dismissed James's sole federal claim, the Court acted within its discretion in declining to hear the state claims. See 28 U.S.C. § 1367(c)(3); Byrd v. Shannon, 715 F.3d 117, 128 (3d Cir. 2013).

[2] James framed his motion as arising under Fed. R. Civ. P. 60(b). Given that it argued that the District Court had made an error of law, it is probably better characterized as arising under Rule 59(e). See, e.g., Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988), overruled on other grounds by Lizardo v. United States, 619 F.3d 273, 276-77 (3d Cir. 2010). This distinction is not important here, because James is not entitled to relief under either rule.

We will therefore affirm the District Court's judgment.[3]

---

[3] James's motion to expand the record to include documents not filed in the District Court is denied. See, e.g., Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (a party may supplement the record on appeal in only "exceptional circumstances"). Kerry's motion to file a supplemental appendix is granted in part and denied in part. The motion is granted to the extent that Kerry seeks to file, in a supplemental appendix, the documents listed in Fed. R. App. P. 30 and 3d Cir. L.A.R. 30.3 that James did not include in his appendix. The motion is denied to the extent that she seeks to file documents that are not part of the record in the District Court. See Burton, 707 F.3d at 435. We note that, in our judgment, we are awarding costs to the appellees. However, Kerry will not be able to recover costs for any documents included in the supplemental appendix that are duplicative of documents contained in James's appendix or that were not part of the record in the District Court. This includes James's complaint, the District Court's March 8, 2017 memorandum, the amended final restraining order, and James's state notice of appeal. James's motion to file a supplemental brief is granted and we have considered the arguments he has raised in that brief.